UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNKA V. JEH JOHNSON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): MOTION TO DISMISS FOR LACK OF JURISDICTION (Dkt. #14, filed April 4, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 5, 2014, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

Plaintiff Alina Korsunka filed this action on September 20, 2013, against Janet Napolitano, in her official capacity as Secretary of the United States Department of Homeland Security. Dkt. #1. The operative first amended complaint ("FAC") asserts a single claim for retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"). Dkt. #12.[1]

On April 4, 2014, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. #14. Plaintiff filed an opposition on April 15, 2014. Dkt. #19. No reply has been filed. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that she is a resident of California, and that defendant is the Secretary of the United States Department of Homeland Security. FAC ¶¶ 3-4. Plaintiff

---

[1] In the FAC, Jeh Johnson, the current Secretary of the Department of Homeland Security, is substituted as defendant in place of Napolitano.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNKA V. JEH JOHNSON, ET AL. | | |

alleges that her employment as an Immigration Services Officer of the Department of Homeland Security was terminated on October 15, 2009, because of her religion and national origin. Id. ¶ 8.[2] Plaintiff alleges that, after her termination, she filed a charge of discrimination with the EEOC in January 2010 (the "January 2010 Charge"). Id. ¶ 10, Ex. A. Plaintiff avers that this charge was settled in June 2010. Id. ¶ 11. The settlement agreement provides, in relevant part that, "[u]pon request, [the Department of Homeland Security] will provide a neutral reference to potential employers." Def. Ex. A at 1.[3]

Plaintiff contends that, after the settlement agreement was signed, she applied for several positions with private companies and other federal agencies, but was not selected for any of these positions. Id. ¶ 14. Plaintiff claims that she began to suspect that defendant was impeding her attempts to obtain new employment. Id. ¶ 16. Plaintiff avers that defendant's agents are engaging in a scheme to give inaccurate information to plaintiff's prospective employers. Id. ¶ 19. According to plaintiff, defendant's agents are engaging in this scheme as retaliation for her filing the January 2010 Charge. Id.

Plaintiff alleges that, on or about August 15, 2011, she filed a charge of discrimination with the EEOC, in which she alleged that defendant was retaliating against her. Id. ¶ 6, Ex. B. Plaintiff further alleges that she received a "right to sue" letter on or about June 20, 2013. Id. ¶ 7, Ex. C.

### III. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the Court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint.

---

[2] Plaintiff does not allege the identity of her employer, but an examination of the Equal Employment Opportunity Commission ("EEOC") charge documents appended to the FAC, show that she was employed as an Immigration Services Officer of the Department of Homeland Security. See FAC, Ex. A.

[3] Defendant appends the settlement agreement to his motion to dismiss. Since plaintiff does not appear to dispute the authenticity of the document, the Court hereby takes judicial notice of it. Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNKA V. JEH JOHNSON, ET AL. | | |

See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**IV. DISCUSSION**

In Munoz v. Mabus, 630 F.3d 856, 861 (9th Cir. 2010), the Ninth Circuit held that "Congress' waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC," and that a district court therefore lacks subject matter jurisdiction over claims for the breach of such settlement agreements. Defendant contends that this Court lacks subject matter jurisdiction over this action because it is essentially an action to enforce the settlement agreement concluded between plaintiff and the federal government in June 2010. Mot. Dismiss at 6-9 (citing Munoz, 630 F.3d at 861). Specifically, defendant contends that this action is an attempt to enforce the provision of the settlement agreement that requires the Department of Homeland Security to provide plaintiff with a "neutral reference" to potential employers, and not as an action for retaliation under Title VII. Id.

This argument is foreclosed by Munoz. There, the Ninth Circuit implicitly held that a claim for retaliation under Title VII is distinct from a claim for breach of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNKA V. JEH JOHNSON, ET AL. | | |

settlement agreement with the federal government, even if the conduct underlying those two claims is the same. The court also implicitly held that district courts have jurisdiction to adjudicate such a retaliation claim, even though they lack jurisdiction over the claim for breach of the settlement agreement. See Johnson v. EEOC, 2011 WL 814320, at *2 (E.D. Wash. March 2, 2011) (finding that the court lacked jurisdiction over plaintiff's action to enforce a settlement agreement, but citing Munoz for the proposition that the court would have had jurisdiction to consider a Title VII retaliation claim if such a claim had been asserted). In Munoz, plaintiff Ysauro Munoz filed two complaints with the United States Navy's Equal Employment Office ("EEO") against his employer, the Naval Ship Repair Facility ("NSRF") in Yokosuka, Japan. Munoz v. England, 557 F. Supp. 2d 1145, 1148 (D. Haw. 2008), aff'd in part and vacated in part by Munoz, 630 F.3d at 866.[4] Munoz alleged discrimination on the basis of race and age, which included denial of career-enhancing training. Munoz, 630 F.3d at 859. Thereafter, in February 2002, Munoz entered into a settlement agreement with the NSRF, which resolved the complaints for discrimination filed with the EEO. Id. In the agreement, the NSRF agreed, among other things, to "provide training to enhance Mr. Munoz's career within 12 months." Id. at 859.

In 2005, Munoz filed an action in United States District Court against his employer. Munoz v. England, 557 F. Supp. 2d at 1154. In that action, Munoz asserted two claims. Id. at 1148. In the first claim, Munoz asserted that the NSRF breached the settlement agreement by failing to provide him with training in accordance with the settlement agreement. Id. In the second claim, Munoz asserted that this denial of training constituted retaliation, in violation of Title VII, for filing the discrimination complaints with the Navy's EEO. Id. The Court granted summary judgment to the NSRF on both of Munoz's claims. Id. at 1171.

The Ninth Circuit affirmed in part, and reversed in part. The court first considered whether the district court had subject matter jurisdiction over Munoz's action. Munoz, 630 F.3d at 860-61. As stated above, the Ninth Circuit held that the district court lacked subject matter jurisdiction over Munoz's claim for breach of the settlement agreement. Id. at 861. However, the Ninth Circuit did not hold that the district court lacked

---

[4] At times, the Court cites the district court opinion in Munoz, Munoz v. England, in order to provide relevant facts not present in the opinion of the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | April 30, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNKA V. JEH JOHNSON, ET AL. | | |

jurisdiction over Munoz's retaliation claim, even though the NSRF's failure to provide training was also the basis for the claim for breach of the settlement agreement. Rather, as to that claim, the court reviewed the district court's determination on the merits by considering whether "the Navy's denial of [Munoz's requests for training] was retaliatory in nature." Id. at 865. The Ninth Circuit thus implicitly held that district courts have jurisdiction over retaliation claims, even if the retaliation also allegedly breaches a settlement agreement.

The present case is analogous to Munoz, except that plaintiff does not assert a claim for breach of a settlement agreement. Accordingly, the Court concludes that it has jurisdiction over plaintiff's retaliation claim, in spite of the fact that the conduct alleged in support of that claim could arguably also violate the settlement agreement. Cf. Johnson, 2011 WL 814320, at *2.

**V.   CONCLUSION**

In accordance with the foregoing, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |