TERINA WILLIAMS (STATE BAR NO. 267617)
SOUTHWORTH PC
1100 Peachtree Street NE
Suite 200
Atlanta, GA 30309
Telephone: (404) 585-8095
Facsimile: (404) 393-4129
E-mail: terina@southworthpc.com

Attorneys for Plaintiff
ALINA KORSUNSKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALINA KORSUNSKA, | ) | Case No.: CV13-7010 CAS (AJWx) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DECLARATION OF ALINA KORSUNSKA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) | |
| JEH JOHNSON, Secretary, U.S. Department of Homeland Security, | ) | |
| Federal Defendant. | ) | |
| | ) | Hearing Date:   July 28, 2014 |
| | ) | Hearing Time:   10:00 a.m. |
| | ) | Courtroom:      5 – 2nd Floor |
| | ) | |
| | ) | Hon. Christina A. Snyder |
| | ) | U.S. District Court Judge |

DECLARATION OF ALINA KORSUNSKA - 1

I, Alina Korsunska, hereby declare and state the following:

1. I am a party to the above-entitled case.

2. I submit this declaration in support of my opposition to Federal Defendant's Motion for Summary Judgment. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto in a court of law, under oath, subject to the penalty of perjury.

3. I began working for the U.S. and Immigration Services (hereinafter "USCIS") in August 2008.

4. On October 15, 2009, I was wrongly terminated because of my national origin (Ukraine) and religion (Judaism). On November 13, 2009, I filed a charge of discrimination with the USCIS EEO.

5. On June 9, 2010, I reached a non-monetary settlement with the Department of Homeland Security (hereinafter "DHS") whereby my electronic Official Personnel File would reflect that I resigned for personal reasons. I did not ask for monetary damages from the Agency, I simply wanted a clear record and fair performance evaluation. Accordingly, DHS was to also provide a neutral reference to potential employers whereby Eva Aldrete-Herring would tell potential employers my position title, GS grade at the time I resigned, my salary at the time I resigned, my dates of employment, and that my last performance rating was Fully Successful. A true and correct copy of the settlement agreement is attached as **Exhibit A** to Plaintiff's Evidentiary Appendix.

6. In early January 2011, I learned that Defendant was in breach of the settlement agreement by not providing the required reference report to potential employers. On January 17, 2011, I sent a letter to DHS Office of Civil Rights and Civil Liberties (hereinafter "OCR") to file a complaint for breach of the settlement agreement. This complaint did not allege retaliation. A true and correct copy of the letter is attached as **Exhibit B** to Plaintiff's Evidentiary Appendix.

DECLARATION OF ALINA KORSUNSKA - 2

7. On March 8, 2011, DHS-OCR determined that the agency did not breach the agreement and that I did not suffer any harm from the Agency's conduct. A true and correct copy of that decision is attached as **Exhibit C** to Plaintiff's Evidentiary Appendix. I abandoned this complaint because of personal circumstances.

8. In July of 2011, I discovered a May 27, 2011 email from the Social Security Administration (hereinafter "SSA") notifying me that I was not selected for positions. Furthermore, I was not selected for any position for which I applied in 2010 (over ten (10) vacancies). Based on this newly discovered evidence of discrimination, I initiated a separate and distinct informal claim of retaliation with the USCIS EEO office on July 8, 2011. During my first intake interview, I told EEO counselor that I believe USCIS' employees retaliated against me and provided negative references to prospective employers. After the interview, EEO counselor formulated the issues as follows: "Between July 1 and July 8, 2011 I discovered that I received emails notifying me that I was not selected for positions at Social Security Administration, which continues a pattern of positions that I have been not selected for predicated upon the refusal of the personnel of the USCIS California Service Center to honor the settlement agreement reached between myself and the agency in June 2010." This claim was an entirely new claim of retaliation, and was in no way connected to the January 17, 2011 informal contact with DHS-OCR.

9. After the USCIS conducted its internal investigation, it provided me a notice that I could file a formal complaint with DHS-EEO. I did so on or about August 15, 2011, again alleging that DHS had retaliated against me based on my prior protected activity by in effect breaching the June 2010 agreement. I could not have filed this complaint on August 21, 2011 as that date is a Sunday and I sent my complaint by certified mail which would not have been delivered on a Sunday.

DECLARATION OF ALINA KORSUNSKA - 3

A true and correct copy of Plaintiff's complaint is attached as **Exhibit D** to Plaintiff's Evidentiary Appendix.

10. On December 2, 2011, DHS dismissed my complaint for failure to state a claim. A true and correct copy of that decision is attached as **Exhibit E** to Plaintiff's Evidentiary Appendix.

11. On January 6, 2012, I appealed the December 12, 2011 decision with the EEOC Office of Federal Operations (hereinafter "OFO").

12. On May 1, 2012, the EEOC-OFO reversed DHS-EEO's dismissal and remanded the case back to the agency to process my complaint as a claim for breach of agreement. In its order, the EEOC-OFO advised me that its order was one requiring the Agency to continue its administrative processing of my complaint. A true and correct copy of that decision is attached as **Exhibit F** to Plaintiff's Evidentiary Appendix, see pgs. 2-3 of same. The EEOC-OFO advised me that I could request a reconsideration of its decision or could terminate the administrative processing of my complaint by filing a civil action. *Id*.

13. On or around May 31, 2012, I submitted a request for reconsideration of the EEOC-OFO's May 1, 2012 decision re-characterizing my retaliation claim as one of breach. A true and correct copy of the docketing notification from the EEOC is attached as **Exhibit G** to Plaintiff's Evidentiary Appendix. In that request, I challenged the EEOC-OFO's decision to in effect dismiss my retaliation claim. I stated that my complaint has two claims, breach and retaliation. I emphasized that the agency's employees acted with malice and breach of agreement was motivated by retaliation. I also said that the agency misinterpreted and fragmented my complaint to create grounds for dismissal, while my complaint raises more issues than just non-selection for positions with Social Security Administration.

14. On June 19, 2012, DHS-OCR issued a final decision on my August

15, 2011 complaint.  A true and correct copy of that decision is attached as **Exhibit H** to Plaintiff's Evidentiary Appendix.

15. On July 20, 2012, I appealed the DHS-OCR's June 19, 2012 decision with the EEOC-OFO.  A true and correct copy of that decision is attached as **Exhibit I** to Plaintiff's Evidentiary Appendix.

16. On November 16, 2012, my request for reconsideration was denied.  A true and correct copy of that decision is attached as **Exhibit J** to Plaintiff's Evidentiary Appendix.  In response to my argument that my retaliation claim should not have been dismissed, the EEOC-OFO stated: "We note that the arguments asserted by Complainant - that the Agency breached the settlement agreement with regard to employment references, and that the Agency retaliated against her with regard to employment references - present essentially the same question for determination."  *Id*. at pg. 1.  Further, the EEOC-OFO directed the Agency to "consider whether there is evidence of retaliatory motive in the actions of any personnel involved in the provision of [Plaintiff's] employment references." *Id*. at footnote 1.  The EEOC-OFO advised me that its order was one requiring the Agency to continue its administrative processing of my August 15, 2011 complaint. *Id*. at pgs. 2-3.  To the best of my information, knowledge and belief, the November 16, 2012 order did not "advise [me] that there was no further right of administrative appeal concerning her retaliation claim" as asserted by Defendants.  (*See* Federal Defendant's Motion for Summary Judgment at pg. 8, lines 11-13.)  Rather, it advised that I could terminate the administrative processing of my complaint by filing a civil action.  *Id.* at pgs. 2-3.

17. In spite of EEOC decision dated November 16, 2012, ordering the Agency to conduct investigation, no corrective actions have been taken.  Instead, on February 6, 2013, my appeal dated July 20, 2012, of DHS-OCR Breach decision dated June 19, 2012, was accepted for processing by EEOC.

DECLARATION OF ALINA KORSUNSKA - 5

18. On June 19, 2013, the EEOC-OFO issued a decision denying my appeal of DHS-OCR's June 19, 2012 decision. A true and correct copy of that decision is attached as **Exhibit K** to Plaintiff's Evidentiary Appendix.

19. On September 20, 2013, after I exhausted all available administrative remedies on my August 15, 2011 formal complaint, I timely filed the instant civil action within 90 days from the date I received the EEOC-OFO's June 19, 2013 decision, which was June 23, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *July 2, 2014*, in *Los Angeles*.

*A. Korsun*
ALINA KORSUNSKA, Plaintiff