TERINA WILLIAMS (STATE BAR NO. 267617)
SOUTHWORTH PC
1100 Peachtree Street NE
Suite 200
Atlanta, GA 30309
Telephone: (404) 585-8095
Facsimile: (404) 393-4129
E-mail: terina@southworthpc.com

Attorneys for Plaintiff
ALINA KORSUNSKA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA KORSUNSKA,<br><br>                Plaintiff,<br><br>vs.<br><br>JEH JOHNSON, Secretary, U.S.<br>Department of Homeland Security,<br><br>                Federal Defendant. | ) Case No.: CV13-7010 CAS (AJWx)<br>)<br>)<br>) **PLAINTIFF ALINA**<br>) **KORSUNSKA'S EVIDENTIARY**<br>) **APPENDIX**<br>) _____<br>)<br>) Hearing Date:    July 28, 2014<br>) Hearing Time:    10:00 a.m.<br>) Courtroom:       5 – 2nd Floor<br>)<br>)        Hon. Christina A. Snyder<br>)        U.S. District Court Judge |

PLAINTIFF'S EVIDENTIARY APPENDIX - 1

Plaintiff Alina Korsunska, hereby submits the following Evidentiary Appendix in support of her Opposition to Federal Defendant's Motion for Summary Judgment.

| *EXHIBIT* | DESCRIPTION |
|---|---|
| *A* | Settlement Agreement, dated June 9, 2010. |
| *B* | Letter from Plaintiff to DHS-OCR, dated January 17, 2011. |
| *C* | DHS-OCR Decision Letter, dated March 8, 2011. |
| *D* | Plaintiff's Formal Complaint, dated August 15, 2011. |
| *E* | DHS-OCR Decision, dated December 2, 2011. |
| *F* | EEOC-OFO Decision, dated May 1, 2012. |
| *G* | EEOC-OFO Docketing Notification, dated June 20, 2012. |
| *H* | DHS-OCR Decision, dated June 19, 2012. |
| *I* | Plaintiff's Appeal to EEOC-OFO, dated July 20, 2012. |
| *J* | EEOC-OFO Decision, dated November 16, 2012. |
| *K* | EEOC-OFO Decision, dated June 20, 2013. |
| *L* | 9 West's Fed. Admin. Practice § 11800. |

DATED: July 3, 2014                    SOUTHWORTH PC


                                       /s/ Terina M. Williams
                                       TERINA M. WILLIAMS
                                       Attorney for Plaintiff

# EXHIBIT A

ALINA KORSUNSKA,                )
Complainant,                    )
                                )
                                )   EEOC No.  480-2010-00382X
          v.                    )
                                )   Agency No. HS-10-CIS-001982
                                )
JANET NAPOLITANO, Secretary     )
Department of Homeland Security,)
Respondent Agency               )
                                )   Date: June 9, 2010

## NEGOTIATED SETTLEMENT AGREEMENT

The Complainant and the Agency agree as follows:

1.    <u>Agency's Obligations</u>.

   a.  Complainant's electronic Official Personnel File will reflect that she resigned for personal reasons from employment with the U.S. Citizenship and Immigration Services effective October 15, 2009.

   b.  Upon request, the Agency will provide a neutral reference to potential employers, as long as they contact Eva Aldrete-Herring, Supervisory Management and Program Analyst, or her replacement, at 949-389-3036.  Ms. Aldrete-Herring will give potential employers the Complainant's position title, GS grade at the time she resigned, her salary at the time she resigned, her dates of employment, and that her last performance rating was Fully Successful. The agency cannot guarantee what any other agency employees may say if potential employers contact them.

   c.  The Agency will provide Complainant with a Performance Work Plan with an overall rating of Fully Successful by June 30, 2010.

   2.  <u>Complainant's Obligations</u>.  Complainant agrees that if an employment inquiry is received by the Department of Homeland Security from any potential employer,

EXHIBIT A -1

regarding any position, which the potential employer informs the Department requires any form of security clearance, the agency may disclose to the inquiring employer the facts and circumstances regarding appellant's original removal.

    a. Dismissal of Proceedings.

        i. This Settlement Agreement, when fully executed by the parties withdraws the instant complaint, with prejudice, and the Complainant and the Equal Employment Opportunity Commission (EEOC) accept this settlement as full and complete release of all complaints and allegations.

        ii. This Settlement Agreement, when fully executed by the parties, shall serve as sufficient documentation for the Agency and the EEOC to dismiss this appeal with prejudice, without needing additional documentation or authorization from the complainant. Facsimile copies of this Settlement Agreement may be relied upon by the Equal Employment Opportunity Commission for purposes of dismissing this complaint and/or for enforcing the terms stated herein.

    c. <u>Full Settlement of All Complaints/Claims</u>. The Complainant's signature on this agreement constitutes full and complete settlement of all outstanding administrative or judicial complaints or appeals filed by Complainant or on Complainant's behalf arising from or relating to any matters that occurred prior to the execution of this settlement agreement, binding on all heirs and assigns. These include but are not limited to complainant's EEO complaints, grievances pursuant to the Agency grievance procedure or a collective bargaining agreement, Merit Systems Protection Board appeals, Office of Special Counsel complaints, and matters in federal or state courts.

2

EXHIBIT A -2

d.  Waiver of Complaint Filing for Past Events. The Complainant expressly waives all rights to file civil actions, complaints, appeals, grievances, and other administrative actions against the United States government, the Department of Homeland Security, and the United States Citizenship and Immigration Services, their predecessors and successors in interest and their agents for liability of Agency officials over events or incidents arising out of Complainant's employment with the Agency which arose before the agreement's date.

e.  No-fault Agreement. By entering into this settlement, the Agency does not admit that it or any Agency official or employee has violated Title VII of the Civil Rights Act of 1964, as amended; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Equal Pay Act; or any other federal or state statute, regulation or procedure.

f.  Joint Draftsmanship.   The parties acknowledge that each of them has participated in the drafting this Settlement Agreement and that any ambiguity shall not be construed against any party on the ground that such party was the draftsperson of this Settlement Agreement.

g.  Voluntary Agreement. The parties acknowledge that they have read this entire Settlement Agreement and that they fully understand it. Complainant acknowledges that s/he enters into this Settlement Agreement freely and voluntarily, and the Agency has made no threats or used any coercion of any kind to induce the Complainant to enter into this Settlement Agreement.

h.  Integration.   This Settlement Agreement contains the parties' full and complete agreement with respect to their mutual releases.  No agreement or representation shall be deemed binding upon any party hereto, nor shall any amendment to this Settlement Agreement be deemed binding, unless set forth in writing after this date and signed by the parties to this agreement.

3

EXHIBIT A -3

i.   Non-compliance Provisions.

    a.  If the Complainant believes the Agency has failed to comply with the agreement's terms, she shall notify, in writing, U.S. Department of Homeland Security, Officer for Civil Rights and Civil Liberties/MS 0800, 245 Murray Lane SW, Building 410, Washington, DC 20528, with a copy of such notice to the Director, Office of Equal Employment Opportunity and Inclusion, United States Citizenship and Immigration Services, 20 Massachusetts Avenue, NW, 5th Floor, Washington, D.C. 20529.

    b.  This notification shall be made within 30 days of when the Complainant knew or should have known of the alleged non-compliance.

    c.  The Complainant may request that the settlement agreement terms be specifically implemented, or alternatively, the complaint be reinstated for further processing from the point processing ceased.

    d.  If the Agency has not responded to the Complainant, in writing, or if the Complainant is dissatisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Equal Employment Opportunity Commission for a determination as to whether the Agency has complied with the terms of the settlement agreement or decision.

    See 29 Code of Federal Regulations §1614.504

j.   Status of Facsimile Copies.  The parties agree that facsimile copies of this Settlement Agreement and the signatures thereon, shall be deemed "originals," and shall have the same force and effect as an original copy of this Settlement Agreement.

4

EXHIBIT A -4

k.  Expenses.  Unless otherwise stated in this Settlement Agreement (in which case the terms of any specific clauses regarding expenses shall take precedence) each party shall be responsible for its own costs incurred in this appeal, including attorney's fees.

l.  Precedent.  The parties agree that this Agreement shall not be precedent setting and that neither party will assert or claim that this Agreement is a precedent in any current or future personnel action, administrative procedure or litigation of any kind.

m.  Effective Date.  This settlement agreement shall be effective upon signature by all parties.

I have read the negotiated settlement agreement and agree to accept its provisions.

Alina Korsunska
Complainant
Date:   6/09/2010

Christina Poulos
Director, California Service Center
Date:

5

EXHIBIT A -5

# EXHIBIT B



RECEIVED JAN 28 2011

January 17, 2010

U. S. Department of Homeland Security
Officer for Civil Rights and Civil Liberties/MS 0800
245 Murray Lane SW, Building 410
Washington DC 20528

Agency No. HS-10-CIS-001982

EEOC No. 480-2010-00382X

To Whom It May Concern:

I am writing to notify you that that the Agency has failed to comply with the agreement's terms. I am attaching first page of agreement, e-mails and a copy of reference verification record.

On November 9 and 10, Eva Aldrete-Herring was contacted. However, neither Eva Aldrete-Herring nor her replacement has responded to the inquiry of a potential employer in accordance with the terms set forth in the agreement [1(b) under Agency's Obligations].

I believe that the agency's officials who crafted the agreement on June 9 did not act in good faith because they knew that all considerations given to me can be invalidated later. I have never asked but was persuaded to change my reason for separation from *termination* to *resigned for personal reasons*. I accepted it only because I was not interested in reinstatement on the date of mandatory settlement conference. The Agency agreed to provide me with performance evaluation - Fully Successful - because I was entitled to it. But if the Agency refuses to verify this information or to confirm it when there is an inquiry from a potential employer, then these considerations are worthless.

**EXHIBIT B-1**

You can see that on November 19, Carmen from Personnel Office stated that she is limited on what she may disclose. She refused to provide my reason for separation and performance appraisal. I view the Agency's attempt not to disclose such basic information as reason for separation and performance appraisal as intent to hinder my future employment.

During November 2010 I have submitted applications for several positions with different Federal Agencies. I received notice of results saying that I am among the best qualified candidates and my name was forwarded to selecting official. However, until now, I have not received any communication, although I was advised that I will receive information regarding next step very soon. If no information was provided by the Agency to potential employers, it would have the same damaging effect as a bad reference.

The Agency breached our agreement and considerations given to me are illusory because the Agency retains full control over the situation and determines the nature or extent of its own performance. I would like to request reinstatement of my original complaint.

Sincerely,

Alina Korsunska

EXHIBIT B-2

# EXHIBIT C

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



Homeland
Security

*Complaint of Alina Korsunska v. Janet Napolitano,*
*Secretary, Department of Homeland Security*
Agency Number HS-10-CIS-001982

March 8, 2011

### CERTIFIED MAIL:  7010 1870 0002 2384 5406

Alina Korsunska

Dear Ms. Korsunska:

This is the Department of Homeland Security's (DHS) response to your letter dated January 17, 2010, wherein you alleged United States Citizenship and Immigration Services (USCIS) breached a Settlement Agreement (Agreement) reached on June 9, 2010, settling Complaint No. HS-10- CIS -00382X.  You asserted that a breach of the settlement agreement occurred when USCIS failed to comply with the terms of the Agreement requiring the Agency to provide a neutral reference under defined circumstances to potential employers.

The relevant terms of the Agreement are contained in Section 1b, which states:

"1.    Agency's Obligations.

b.  Upon request, the Agency will provide a neutral reference to potential employers, as long as they contact Eva Aldrete-Herring, Supervisory Management and Program Analyst, or her replacement, at 949-389-3036.  Ms Aldrete-Herring will give potential employers the Complainant's position title, GS grade at the time she resigned, her salary at the time she resigned, her dates of employment, and that her last performance rating was Fully Successful.  The agency cannot guarantee what any other agency employees may say if potential employers contact them.

DHS decides breach allegations in accordance with the Equal Employment Opportunity Commission (EEOC) regulation at Title 29, Code of Federal Regulations (C.F.R.), Section 1614.504, and precedents EEOC established in reviewing complainant allegations of settlement agreement breaches.  29 C.F.R. § 1614.504(a).  EEOC has held a settlement agreement constitutes a contract between the employee and the Agency, to which ordinary rules of contract construction apply.  *Herrington v. Dep't of Def.*, EEOC Appeal No. 01951475 (Dec. 9, 1996).  In ascertaining the intent of the parties with regard to the terms of settlement, the Commission has generally relied on the plain meaning rule.  If the writing appears to be plain

**EXHIBIT C-1**

and unambiguous on its face, the fact-finder must determine its meaning from the four corners of the instrument, without resort to extrinsic evidence of any nature. *Risby v. Dep't of Com.*, EEOC Appeal No. 0120092945 (Sept. 30, 2009)). A complainant alleging breach of a settlement has the burden of demonstrating the Agency's noncompliance. *Donegan v. Dep't of the Air Force*, EEOC Appeal No. 01993385 (June 18, 2001) (citing *Moore v. Dep't of the Navy*, EEOC Request No. 05930694 (Apr. 7, 1994)).

In addition, the EEOC regulation at 29 C.F.R. § 1614.504(a) requires a complainant who believes an Agency has failed to comply with the terms of a decision or settlement agreement to notify the Agency's EEO Director, in writing, of the alleged noncompliance "within 30 days of when the complainant knew or should have known of the alleged noncompliance." Here, you provided documentation indicating that contact for the purposes of obtaining a reference was attempted with Eva Aldrete-Herring on November 9 and 10, 2010. In addition, further contacts from November 11-19, 2010 with USCIS resulted in a staff member of the Laguna Niguel Office declining to provide information as to your employment other than your dates of employment and position title.

This Office concludes that you have failed to satisfy the 30-day limitation period in 29 C.F.R. § 1614.504(a) for notifying the Agency of alleged noncompliance with the Agreement. Documentation in the form of emails and a reports, as well as a declaration by Agency Counsel, indicates that you retained Allison & Taylor, a professional reference checking and employment verification firm, to provide reference checking services for you, and that the above-noted contacts were made by Allison & Taylor. In addition to calling into question whether the communications from USCIS to Allison & Taylor involved a "potential employer" within the terms of the settlement agreement, your use of such a firm to monitor compliance establishes that you knew, or should have known through your relationship with Allison & Taylor, that USCIS may have breached the Agreement on or about the dates of the contacts, or within a limited period of time thereafter. However, you failed to allege noncompliance by means of your letter to this Office until January 17, 2011[1] -- 69 days from the date of the initial failed contact with Ms. Aldrete-Herring, and 59 days from the date of the information provided by the Laguna Niguel Office of USCIS.

---

[1] Although your letter is dated January 17, 2010, it is evident from the dates cited therein and the time frame of your allegations that the correct date is January 17, 2011.

2

EXHIBIT C-2

**Conclusion**

DHS finds no breach of the Agreement as alleged. This letter constitutes DHS's final determination on the allegation of breach of the Agreement. If you are dissatisfied with this decision, you may file an appeal according to the instructions at Enclosure (1). The appeal form is at Enclosure (2).

Sincerely,

Robert K. Abraham
Acting Deputy Officer, and Director for
Equal Employment Opportunity and Diversity Programs
Office for Civil Rights and Civil Liberties
U.S. Department of Homeland Security

Encl:  (1) Appeal Rights
      (2) EEOC Form 573
      (3) Complainant's letter alleging noncompliance
      (4) Settlement Agreement
      (5) Complainant's email of 1/13/11 and response
      (6) Notes and Comments on attempted contacts
      (7) Agency response and documentation

cc:    EEO Complaints Resolution Division
      Office of Equal Opportunity and Inclusion
      U.S. Citizenship and Immigration Services
      3050 Metro Drive, Suite 101
      Bloomington, MN 55425
      *(Upload and Notified Via Email)*

GVB

3

EXHIBIT C-3

## NOTICE OF APPEAL RIGHTS

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

## FILING AN APPEAL WITH EEOC

You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision. File your appeal, and any supporting statement or brief, by mail addressed to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Or by personal delivery to:

**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**
**131 M Street, NE**
**Suite 5SW12G**
**Washington, DC 20507**

Or by facsimile to (202) 663-7022.

At the same time you file an appeal with EEOC, you must also send a copy of your appeal, and any supporting statement or brief, to:

**EEO Complaints Resolution Division**
**Office of Equal Opportunity and Inclusion**
**U.S. Citizenship and Immigration Services**
**3050 Metro Drive, Suite 101**
**Bloomington, MN 55425**

And to:

**Department of Homeland Security**
**Office for Civil Rights and Civil Liberties / MS0191**
**245 Murray Lane, SW**
**Bldg 410**
**Washington, DC 20528**

4

**EXHIBIT C-4**

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to U.S. Citizenship and Immigration Services.  You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal.  EEOC will dismiss your appeal if you do not file it within the time limits.

### FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC, or within 90 days after receipt of EEOC's final decision on appeal.  You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, the time limits noted above may not be applicable to you, especially if you are filing this civil action after giving EEOC not less than 30 days' notice of your intent to file such an action.  Accordingly, you should consult an attorney if you desire further guidance regarding the timeliness of your case.

You must also comply with the following instructions:

(1)  You must name Janet Napolitano, Secretary, Department of Homeland Security, as the defendant.  Failure to provide her name and official title may result in dismissal of your case.

(2)  If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  The grant or denial of the request is within the sole discretion of the Court.  Filing a request for an attorney does not extend the time in which to file a civil action.  Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC final decision.

5

EXHIBIT C-5

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____Yes; Date Received _____ (Remember to attach a copy)<br>____No<br>____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ____No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____No<br>____Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01

6

EXHIBIT C-6

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1.  **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001

2.  **AUTHORITY:** 42 U.S.C. § 2000e-16

3.  **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4.  **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5.  **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

**EXHIBIT C-7**

# EXHIBIT D

OMB No. 1610-0001 Expiration Date: 6/30/11

| DEPARTMENT OF HOMELAND SECURITY | FOR OFFICIAL USE ONLY |
|---|---|
| **INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION** | DEPARTMENT CASE NUMBER |
| | HS-CAS-01541-2011 |
| *(Use this form for original complaints and amendments.)* | FILING DATE  8/24/2011 |

## PART I COMPLAINANT IDENTIFICATION

**1. NAME** *(Last, First, Middle Initial)*
Korsunska Alina

**2. TELEPHONE/FAX** *(Include Area Code)*

| Home | Fax |
|---|---|
| ▉▉▉ | |
| Work | Fax |
| | |

**3. HOME ADDRESS** *(You must notify the Department of any change of address while complaint is pending, or your complaint may be dismissed.)*

▉▉▉▉▉▉

**4. IF YOU ARE A CURRENT OR FORMER EMPLOYEE OF THE FEDERAL GOVERNMENT, LIST YOUR RECENT TITLE, SERIES, AND GRADE.**

Title

Immigration Services Officer

| Series | Grade |
|---|---|
| GS | 7 |

**5. NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK** *(If a Department of Homeland Security Employee)*

Bureau or Component
USCIS

Office and Organizational Unit

Street Address
24000 Avila Road

| City | State | Zip Code |
|---|---|---|
| Laguna Niguel | CA | 92607 |

**6. EMPLOYMENT STATUS IN RELATION TO THIS COMPLAINT**

☐ Applicant   ☐ Probationary   ☐ Career/Career Conditional

☐ Uniformed Service Member

☒ Former Employee/Member   10/15/2009
Date Left Department

☐ Retired
Date of Retirement

☐ Other *(Specify)*

**7. I certify that all statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.**

| SIGNATURE OF COMPLAINANT OR ATTORNEY REPRESENTATIVE | DATE |
|---|---|
| *F. Korsun* | 8/15/2011 |

## PART II DESIGNATION OF REPRESENTATIVE

**8.** YOU MAY REPRESENT YOURSELF IN THIS COMPLAINT OR YOU MAY CHOOSE SOMEONE TO REPRESENT YOU. YOUR REPRESENTATIVE DOES NOT HAVE TO BE AN ATTORNEY. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, BUT YOU MUST NOTIFY THE DEPARTMENT IMMEDIATELY IN WRITING OF ANY CHANGE, AND YOU MUST INCLUDE THE SAME INFORMATION REQUESTED IN THIS PART.

**"I hereby designate** *(Please Print Name)* _____ **to serve**

**as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."**

Is the representative an attorney?   ☐ YES   ☐ NO

| 9. REPRESENTATIVE'S MAILING ADDRESS | 10. REPRESENTATIVE'S EMPLOYER *(If Federal Agency)* |
|---|---|
| FIRM/ORGANIZATION | |
| STREET ADDRESS | 11. REPRESENTATIVE'S TELEPHONE/FAX *(Include Area Code)* |
| | Telephone          Fax |
| CITY, STATE, & ZIP CODE | 12a. COMPLAINANT'S SIGNATURE | 12b. DATE |

DHS Form 3090-1 (9/04)

**EXHIBIT D-1**

| PART III ALLEGED DISCRIMINATORY ACTIONS | |
|---|---|
| 13. NAME OF PERSON OR DHS COMPONENT WHO TOOK THE ACTION AT ISSUE. | 14. ARE YOU WILLING TO PARTICIPATE IN MEDIATION OR OTHER AVAILABLE TYPES OF ALTERNATIVE DISPUTE RESOLUTION TO RESOLVE YOUR COMPLAINT? |
| FIRM/ORGANIZATION<br>USCIS | |
| STREET ADDRESS<br>24000 Avila Rd | ☐ YES      ☒ NO |
| CITY, STATE, & ZIP CODE<br>Laguna Niguel CA 92607 | |

15. **A.** Describe the action taken against you that you believe was discriminatory.

**B.** Give the date when the action occurred, and the name of each person responsible for the action.

**C.** Describe how you were treated differently from other employees, applicants, or members for any of the reasons listed in Item 16.

**D.** Indicate what harm, if any, came to you in your work situation as a result of this action. (You may, but are not required to, attach extra sheets.)

**E.** If the basis of your complaint is parental status, sexual orientation, or protected genetic information, use this form, but your complaint is not statutorily based and will follow separate, parallel process.

16. Mark below **ONLY** the bases you believe were relied on to take the actions described in Item 15.

☐ RACE

☐ COLOR

☐ RELIGION

☐ NATIONAL ORIGIN *(Specify)*

☐ SEX *(Specify)*

☐ AGE *(Date of Birth)*

☐ PHYSICAL OR MENTAL DISABILITY *(Describe)*

☒ RETALIATION/REPRISAL *(Dates of Prior EEO Activity)*

☐ SEXUAL ORIENTATION

☐ PARENTAL STATUS

☐ PROTECTED GENETIC INFORMATION

17. WHAT REMEDIAL OR CORRECTIVE ACTION ARE YOU SEEKING TO RESOLVE THIS MATTER

Monetary and equitable remedies

18. ON THIS SAME MATTER, HAVE YOU FILED A GRIEVANCE OR APPEAL UNDER:

| | | |
|---|---|---|
| Negotiated grievance procedure | ☐ YES | ☒ NO |
| Agency grievance procedure | ☐ YES | ☒ NO |
| Merit Systems Protection Board appeal procedure | ☐ YES | ☒ NO |

If you filed a grievance or appeal, provide date filed, case number, and present status.

**PART IV CONTACT**

EEO/EO Counseling is not required if you are requesting amendment of an existing, open complaint.

Complete items 24 and 25, even if you did not contact a counselor.

| 19. DATE YOU CONTACTED AN EEO COUNSELOR | 20. NAME AND TELEPHONE NUMBER OF EEO COUNSELOR |
|---|---|
| July 8, 2011 | Name                         Phone<br>Daniel Gardner 952854595 |
| 21. DID YOU DISCUSS ALL ACTIONS RAISED IN ITEM 15 WITH AN EEO COUNSELOR? *(If NO, explain on attached sheet)* | 22. DATE YOU RECEIVED YOUR "NOTICE OF RIGHT TO FILE" |
| ☒ YES      ☐ NO | 08/05/2011 |
| 23. IF YOU ARE REQUESTING AMENDMENT OF AN EXISTING, OPEN, FORMAL COMPLAINT (OR PROVIDING ADDITIONAL EVIDENCE), INDICATE THE COMPLAINT CASE NUMBER OF THAT COMPLAINT. | |
| 24. DATE OF MOST RECENT DISCRIMINATORY EVENT | 25. DATE YOU FIRST BECAME AWARE OF THE ALLEGED DISCRIMINATION |
| unkown | July 2011 |

Page 2 of 2

**EXHIBIT D-2**

**Case No. HS-CIS-01541-2011**

No. 15

In November 2009, I filed a discrimination complaint after I was terminated from employment with USCIS. On June 9, 2009, I had entered into a settlement agreement with the agency. Two agency's officials were present at the settlement conference - Christina Poulos, the director, and Kimberly Jones, USCIS council. Since my performance was a key issue and reason for my termination was fabricated, I requested to provide me with performance appraisal that I deserved, cleanse my personal file, and give me phone number that I could provide to potential employers for reference check.

After the date I signed the agreement, I started applying for different position with private companies and later with federal agencies. I provided Eva Aldrete-Herring's phone number on my applications in accordance with the agreement. In October 2010, I started suspecting that the agency's officials acting in the manner that impedes my attempts to obtain new employment. I contacted an attorney and he advised me to hire a private company to conduct reference check. Soon after I hired a company- Allison and Taylor-to conduct my reference check, I started receiving notices from federal agencies informing me that my name was forwarded to selecting official and that I am on the best qualified list. I was patiently waiting to receive messages from the agencies regarding the next step in the hiring process. On December 1, 2010, I was interviewed for one position; I received tentative EOD and selecting official informed me that my application will be updated in any event whether I am selected or not. Status of my application has not been updated.

Since I have not received new messages from the agencies, I decided to contact an attorney. After reviewing the report I received from Allison and Taylor, the attorney informed me that there is breach of agreement. It is apparent that breach of agreement was intentional; several agency's employees participated in deceitful scheme to avoid performance of agency's obligations under the agreement.

In the beginning of March 2011, Kimberly Jones, USCIS council, contacted me by phone. I was open to communication and expected to receive reasonable explanation but instead she gave false statements. On March 12, 2011, I received written response-opposition to my notice of breach of agreement written by Kimberly Jones; there were more insulting and misleading statements. Kimberly Jones drafted the settlement agreement and I believe she planned her interference with the agreement from the beginning. All her actions are retaliatory in nature and I scared to think what else she might do.

In July 2011, I received emails from Social Security Administration notifying me that agency decided not to use certificate to fill vacancies. I was not selected for any position for which I applied in 2010, over 10 vacancies; status of my applications was not timely updated.  I lost employment in October 15, 2009, because agency fabricated reason for my termination and after that I was long time unemployed because agency violated the terms of the settlement agreement.

**EXHIBIT D-3**

# EXHIBIT E



*Office for Civil Rights and Civil Liberties*
U.S. Department of Homeland Security
Washington, DC 20528

Alina Korsunska,              )

      *Complainant*         )

      v.                    )         Agency Case No. HS-CIS-01541-2011

Janet Napolitano, Secretary,     )
U.S. Department of Homeland Security,    )

      *Agency*           )

## PROCEDURAL DISMISSAL

Pursuant to 29 C.F.R § 1614.110(b), the U.S. Department of Homeland Security (DHS) hereby takes final action on the above-captioned complaint by issuing a Procedural Dismissal. Based upon the available evidentiary record, DHS finds Complainant's complaint must be dismissed. Pursuant to 29 C.F.R. § 1614.110(b), a notice is attached to this Decision informing Complainant of the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in federal district court. Also, a copy of EEOC Form 573 is attached for Complainant's submission to the EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

### PROCEDURAL HISTORY

1. On July 14, 2011, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor.

2. On August 5, 2011, U.S. Citizenship and Immigration Services (USCIS) notified Complainant of the conclusion of EEO counseling and Complainant's right to file a formal complaint.

3. On August 21, 2011, Complainant filed the formal complaint at issue.

**EXHIBIT E-1**

## CLAIM AT ISSUE

Whether USCIS discriminated against Complainant on the basis of reprisal (prior EEO activity) when the Agency failed to provide an appropriate employment reference, and Complainant became aware, on July 8, 2011, that she was not selected for a position with the Social Security Administration (SSA) as a result.

## ANALYSIS

This Office dismisses the complaint, pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state a claim, because Complainant is not an "aggrieved employee," defined as one who sustains a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Dep't of the Air Force*, EEOC Request No. 05931049 (Apr. 21, 1994). Here, Complainant alleges that USCIS' failure, based on a retaliatory motive, to provide her with an appropriate reference led to her nonselection for a position with SSA. However, the EEO Counselor's report indicates that Complainant stated that she was informed by SSA that the agency did not hire *anyone* for the position under the announcement at issue on USA Jobs. In view of the fact that the position was not filled, USCIS' alleged actions did not subject Complainant to the requisite harm or loss needed to state a claim even, as here, where the basis of reprisal is alleged. See *Williams v. U.S. Postal Serv.*, EEOC Appeal No. 0120073647 (Feb. 14, 2008).

## CONCLUSION

Based upon the full evidentiary record, DHS dismisses this complaint. Since Complainant is not the prevailing party, she is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.

_____                    _____December 2, 2011_____
Veronica Venture                                    Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity Programs
Department of Homeland Security

GVB

2

EXHIBIT E-2

# EXHIBIT F

EEOC DOC 0120121106 (E.E.O.C.), 2012 WL 1637327

U.S. Equal Employment Opportunity Commission (E.E.O.C.)

Office of Federal Operations

ALINA KORSUNSKA, COMPLAINANT,

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY (CITIZENSHIP AND IMMIGRATION SERVICES), AGENCY.

Appeal No. 0120121106
Agency No. HS-CIS-01541-2011
May 1, 2012

DECISION

**\*1**  Complainant filed a timely appeal with this Commission from the Agency's decision dated December 2, 2011, dismissing a formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

BACKGROUND

On August 21, 2011, Complainant, a former employee with the Agency's US CIS California Service Center filed a formal complaint alleging that the Agency subjected her to discrimination in reprisal for prior protected activity when:

> she discovered an email on July 8, 2011, which had originally been received on May 27, 2011, that notified her that she was not selected for a position to which she applied at Social Security Administration (SSA) which led her to believe that USCIS California Service Center breached a settlement agreement that she entered into with the Agency on June 9, 2010, specifying how references into her previous employment would be delivered to potential employers. [1]

At the end of a statement provided in the formal complaint, Complainant stated that she lost an employment opportunity in October 2009, "because [the] Agency fabricated reason for my termination and after that, I was long time unemployed because [the] Agency violated the terms of the settlement agreement."

On December 2, 2011, the Agency dismissed the formal complaint pursuant to 29 C.F.R. § 1614.107 (a)(1) for failure to state a claim. The Agency characterized Complainant's claim as an allegation that unlawful retaliation led to the Agency's failure to provide her with an appropriate reference led to her non selection for a position with SSA. The Agency noted that Complainant stated to the EEO Counselor that she was informed by the SSA that no one was hired for the position under the announcement at issue. Accordingly, the Agency concluded that in view of the fact that the position was not filled, the alleged actions of the Agency did not subject Complainant to any harm as alleged.

ANALYSIS AND FINDINGS

**EXHIBIT F-1**

Westlaw Next® © 2014 Thomson Reuters. No claim to original U.S. Government Works.

ALINA KORSUNSKA, COMPLAINANT, v. JANET..., EEOC DOC...

The Commission determines that the Agency improperly analyzed the instant matter in terms of whether it stated a claim, and by dismissing it pursuant to 29 C.F.R. § 1614.107(a)(1). A fair reading of the formal complaint and pre-complaint documents reflects that Complainant alleged breach of a June 9, 2010 settlement agreement, and the Agency should have therefore processed this matter as a breach claim pursuant to the procedures detailed in 29 § 1614.504(a), instead of dismissing it on the procedural grounds cited above. Moreover, the Commission cannot presently address the issue of the breach claim, as we cannot ascertain sufficient information in the record for such a determination.

  **2**   Accordingly, the Agency final decision dismissing the formal complaint is REVERSED. The matter, identified as breach claim, is REMANDED to the Agency for further processing in accordance with the ORDER below.

ORDER

The Agency is ORDERED to take the following action:

Pursuant to the procedures detailed in 29 C.F.R. § 1614.504(a), the Agency shall investigate Complainant's breach claim regarding a June 9, 2010 settlement agreement, to determine whether it has complied with this settlement agreement. Within thirty (30) calendar days of the date that this decision becomes final, the Agency shall issue a determination regarding whether or not it has complied with the settlement agreement with appeals rights to this Commission.

A copy of the Agency's determination must be sent to the Compliance Officer, as referenced below.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0610)

Compliance with the Commission's corrective action is mandatory. The Agency shall submit its compliance report **within thirty (30) calendar days** of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. The Agency's report must contain supporting documentation, and the Agency must send a copy of all submissions to the Complainant. If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated**. See 29 C.F.R. § 1614.409.

STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0610)

  **3**   The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

    1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

    2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

**EXHIBIT F-2**

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint**.

### RIGHT TO REQUEST COUNSEL (Z0610)

 **\*4**  If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Tide VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden
Director
Office of Federal Operations

Footnotes

1      We note that in her formal complaint, Complainant inadvertently identified the date of the settlement agreement as June 9, 2009, instead of June 9, 2010.

EEOC DOC 0120121106 (E.E.O.C.), 2012 WL 1637327

EXHIBIT F-3

# EXHIBIT G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013
Jun 20, 2012

REQUEST FOR RECONSIDERATION

Alina Korsunska

Re: Korsunska v. Homeland Security,
Department of - Citizenship &
Immigration Svcs
Docket # : 0520120466
Assoc # : 0120121106
Filed Date: 05/31/12
Agency Number(s): HSCIS015412011

Dear Ms. Korsunska:

The above request for reconsideration has been docketed and assigned the docket number listed above.  Please refer to the docket number on all correspondence to this office.

The Commission, in its discretion, may grant the request if the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. 29 C.F.R.1614.405(b) (1) & (2).

You were required to submit any supporting documents or brief at the time the request was filed.  The opposing party shall have 20 days from the date of service in which to submit any brief or statement in opposition.  Such service must be included with the submission to the Office of Federal Operations.  The Commission will accept statements or briefs in opposition to a request by facsimile transmission (Fax Number 202-663-7022) provided they are no more than ten (10) pages long.

**EXHIBIT G-1**

If you have questions regarding the processing of your appeal, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the Officer of the Day.

Sincerely,

*Robert J Barnhart*

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

CC:
Homeland Security, Department of – Citizenship & Immigration Svcs
EEO Complaints Resolution Div
3050 Metro Dr  #101
Bloomington, MN 55425

Homeland Security, Department of
245 Murray Ln SW  Bldg 410
MS0191
Washington, DC 20528

**EXHIBIT G-2**

# EXHIBIT H

*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528



| | |
|---|---|
| Alina Korsunska, | ) |
| | ) |
| *Complainant* | ) |
| | ) |
| v. | ) |
| | ) |
| Janet Napolitano, Secretary, | ) |
| U.S. Department of Homeland Security, | ) |
| | ) |
| *Agency* | ) |

Agency Case No. HS-CIS-01541-2011

## BREACH DECISION

Pursuant to 29 C.F.R § 1614.504(b), the U.S. Department of Homeland Security (DHS), Office for Civil Rights and Civil Liberties (CRCL) hereby issues a decision in response to Complainant's allegation of breach of a settlement agreement.[1]  Based upon a review of the entire evidentiary record, CRCL concludes that U.S. Citizenship and Immigration Service (USCIS) did not breach the terms of the settlement agreement (Agreement) at issue in this complaint.  Pursuant to 29 C.F.R. § 1614.504(b), a notice is attached to this Decision informing Complainant of the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in Federal District Court.  Also, a copy of EEOC Form 573 is attached for Complainant's submission to EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

### PROCEDURAL HISTORY

1. On November 13, 2009, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor regarding EEO complaint number HS-10-CIS-001982.

2. On January 5, 2010, USCIS notified Complainant of the conclusion of EEO counseling and Complainant's right to file a formal complaint.

---

[1] Pursuant to the Homeland Security Act of 2002, *as amended*, 6 U.S.C. § 345, the Officer for Civil Rights and Civil Liberties (CRCL) shall ensure that the protection of civil rights and civil liberties is appropriately incorporated into Departmental programs and activities.  On June 5, 2003, the Secretary for DHS issued Delegation Number 3095, which delegated to CRCL the authority to adjudicate the Department's EEO complaints.

EXHIBIT H-1

3. On January 19, 2010, Complainant filed EEO complaint number HS-10-CIS-001982.

4. On January 22, 2010, USCIS accepted the claims alleged in complaint number HS-10-CIS-001982 for investigation.

5. On March 29, 2010, USCIS forwarded Complainant a copy of the Investigative File, providing Complainant notice of her right to request a hearing before an EEOC Administrative Judge (AJ) or, alternatively, to receive a Final Agency Decision (FAD).

6. On April 26, 2010, Complainant filed a request for a hearing before an EEOC AJ.

7. On June 9, 2010, USCIS entered into the Agreement with Complainant.

8. On July 1, 2010, an AJ from EEOC's Los Angeles District Office issued an Order dismissing EEO complaint number HS-10-CIS-001982, pursuant to the terms of the fully executed Agreement.

9. On approximately January 17, 2011, Complainant alleged that USCIS breached the terms of the Agreement.

10. On January 28, 2011, this Office received Complainant's allegation of breach of the Agreement.

11. On March 8, 2011 this Office issued a Final Determination finding:  (1) Complainant's breach allegation was not timely raised; and (2) USCIS did not breach the terms of the Agreement.

12. On July 14, 2011, Complainant initiated contact with an EEO Counselor regarding the allegations stated in the above-referenced complaint (EEO complaint number HS-CIS-01541-2011).

13. On August 5, 2011, USCIS notified Complainant of the conclusion of EEO counseling and Complainant's right to file a formal complaint.

14. On August 21, 2011, Complainant filed EEO complaint number HS-CIS-01541-2011.

15. On December 2, 2011, this Office dismissed EEO complaint number HS-CIS-01541-2011 pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state an actionable claim.

16. On January 6, 2012, Complainant appealed CRCL's Final Decision with EEOC's Office of Federal Operations (OFO).

17. On May 4, 2012, OFO issued a Decision reversing CRCL's Final Decision, and remanding it for further processing as a breach claim, pursuant to 29 C.F.R. § 1614.504(a).

**EXHIBIT H-2**

18. On May 9, 2012, CRCL received the OFO's Decision.

## CLAIM AT ISSUE

Whether USCIS breached the Agreement when on May 7, 2011, Complainant received notification from the Social Security Administration (SSA) advising her that she was not selected for a position with SSA.

## ANALYSIS

The relevant terms of the Agreement are contained in Paragraphs 1.a through 1.c, which state:

"2.   Agency's Obligations.

   a.   Complainant's electronic Official Personnel File will reflect that she resigned for personal reasons from employment with the U.S. Citizenship and Immigration Services, effective October 15, 2009.

   b.   Upon request, the Agency will provide a neutral reference to potential employers, as long as they contact [the designated Supervisory Management and Program Analyst (SMPA-1)], or her replacement, at [the designated telephone number].  [SMPA-1] will give potential employers the Complainant's position title, GS grade at the time she resigned, her salary at the time she resigned, her dates of employment, and that her last performance rating was Fully Successful.  Then Agency cannot guarantee what any other agency employee may say if potential employers contact them.

   c.   The Agency will provide Complainant with a Performance Work Plan with an overall rating of Fully Successful by June 30, 2010."

CRCL will decide the breach allegation in accordance with the Equal Employment Opportunity Commission (EEOC) regulation at Title 29, Code of Federal Regulations (C.F.R.), Section 1614.504, and precedents EEOC established in reviewing complainant allegations of settlement agreement breaches. 29 C.F.R. § 1614.504(a). EEOC has held that a settlement agreement constitutes a contract between the employee and the Agency, to which ordinary rules of contract construction apply. *See Herrington v. Dep't of Def.*, EEOC Appeal No. 01951475 (Dec. 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Dep't of Veterans Affairs*, EEOC Request No. 05900795 (Aug. 23, 1990). In ascertaining the intent of the parties with regard to the terms of settlement, the Commission has generally relied on the plain meaning rule.  *See Hyon O v. U.S. Postal Serv.*, EEOC Request No. 05910787 (Dec. 2, 1991). If the writing appears to be plain and unambiguous on its face, the fact-finder must determine its meaning from the four corners of the instrument, without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984). A complainant alleging breach of a settlement has the burden of demonstrating the Agency's noncompliance. *Donegan v. Dep't of the Air Force*, EEOC Appeal

3

EXHIBIT H-3

No. 01993385 (June 18, 2001) (citing *Moore v. Dep't of the Navy*, EEOC Request No. 05930694 (Apr. 7, 1994)).

Here, Complainant failed to produce evidence supporting her allegation that USCIS breached the Agreement.  Complainant alleged during EEO counseling and in her formal complaint of discrimination that:

> [S]he discovered an email on July 8, 2011, which had originally been received on May 27, 2011, that notified her that she was not selected for a position to which she applied at Social Security Administration, which led her to believe that USCIS California Service Center violated a settlement agreement that she entered into with the Agency in June 2010, specifying how references into her previous employment would be delivered to potential employers.

Complainant further asserted in her formal complaint:

> After the date I signed the Agreement, I started applying for different position[s] with private companies and later with Federal agencies.  I provided [SMPA-1's] phone number on my applications in accordance with the Agreement.  In October 2010, I started suspecting that the Agency's officials [were] acting in a manner that impedes my attempts to obtain new employment . . . .  Soon after, I hired a company – [A&T] – to conduct my reference check, I started receiving notices from Federal agencies informing me that my name was forwarded to selecting official[s] and that I am on the best qualified list . . . .  After reviewing the report I received from [A&T], [an attorney I hired to look into this matter] informed me that there is a breach of agreement.  It is apparent that [the] breach of agreement was intentional; several [of the] Agency's employees participated in [a] deceitful scheme to avoid performance of [the] Agency's obligations under the Agreement . . . .  In July 2011, I received emails form [SSA] notifying me that [the] Agency decided not to use [the] certificate to fill vacancies.  I was not selected for any position for which I applied in 2010, over 10 vacancies; status of my applications was not timely updated.

First, this Office determines that Complainant failed to satisfy the 30-day limitation period in 29 C.F.R. § 1614.504(a) for notifying the Agency of alleged noncompliance with the Agreement.  The record shows that Complainant received SSA's notification of her non-selection on May 27, 2011; however, she did not notify the Agency of the alleged non-compliance with the Agreement until July 8, 2011.  Therefore, Complainant failed to raise the breach allegation within the 30-day timeframe set forth in § 1614.504(a).

Next, Complainant failed to produce any evidence supporting her allegation that USCIS breached the Agreement when she received notification from SSA advising her that she was not selected for a position with Agency.  Specifically, Complainant failed to produce any evidence showing: (1) SSA contacted SMPA-1 for a neutral reference; (2) SMPA-1 provided a non-neutral reference to SSA or any of the other agencies to which she applied in 2010; or (3) she was in any way aggrieved as a result of the SSA non-selection, particularly in light of the fact

EXHIBIT H-4

that SSA informed her that the Agency decided not to fill vacancies.  Furthermore, USCIS provided an affidavit from SMPA-1, wherein she declared that she fully "complied with the terms of the settlement to the best of [her] abilities."

Finally, this Office notes that with the exception of the SSA non-selection,[2] we previously addressed Complainant's remaining breach allegations in EEO complaint number HS-10-CIS-001982, and a Final Determination was issued on March 8, 2011.  This Office also provided Complainant with notice of her appeal rights; however, she failed to file an appeal with OFO. Given that Complainant raised these same breach allegations previously with this Office, and because she failed to exercise her right to appeal the previous Final Determination with OFO, Complainant's current breach allegations, with the exception of the SSA breach allegation, are barred pursuant to the doctrine of *res judicata*. *See, e.g.*, *Bassett v. U.S. Postal Serv.*, EEOC Appeal No. 0120112786 (Feb. 21, 2012); *Snead v. U.S. Postal Serv.*, EEOC Appeal No. 01986077 (July 25, 2000).

## CONCLUSION

Based upon the full evidentiary record, CRCL concludes that Complainant failed to prove USCIS breached a settlement agreement entered into with Complainant.  Since Complainant is not the prevailing party, she is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.

_____                    _____June 19, 2012_____
Veronica Venture                                                          Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity Programs
Department of Homeland Security

DAC

---

[2] Complainant received notification of the SSA non-selection on May 7, 2011, after this Office issued the March 8, 2011 Final Determination for EEO complaint number HS-10-CIS-001982.

EXHIBIT H-5

# EXHIBIT I

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | ALINA  Korsunska |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | USCIS |
| Identify the Agency's complaint number: | HS-CIS-01541-2011 |
| Location of the duty station or local facility in which the complaint arose: | Laguna Niguel, CA |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | X Yes; Date Received 6/23/12 (Remember to attach a copy)<br>___ No<br>X This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | X No<br>___ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | X No<br>___ Yes (**Attach a copy of the civil action filed**) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | *[signature]* |
| Date: | 7/20/12 |

EEOC Form 573 REV 1/01

EXHIBIT I-1



*Office for Civil Rights and Civil Liberties*
**U.S. Department of Homeland Security**
Washington, DC 20528

|  |  |
|---|---|
| Alina Korsunska, | ) |
|  | ) |
| *Complainant* | ) |
|  | ) |
| v. | ) |
|  | ) |
| Janet Napolitano, Secretary, | ) |
| U.S. Department of Homeland Security, | ) |
|  | ) |
| *Agency* | ) |

Agency Case No. HS-CIS-01541-2011

## BREACH DECISION

Pursuant to 29 C.F.R § 1614.504(b), the U.S. Department of Homeland Security (DHS), Office for Civil Rights and Civil Liberties (CRCL) hereby issues a decision in response to Complainant's allegation of breach of a settlement agreement.[1]  Based upon a review of the entire evidentiary record, CRCL concludes that U.S. Citizenship and Immigration Service (USCIS) did not breach the terms of the settlement agreement (Agreement) at issue in this complaint.  Pursuant to 29 C.F.R. § 1614.504(b), a notice is attached to this Decision informing Complainant of the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in Federal District Court.  Also, a copy of EEOC Form 573 is attached for Complainant's submission to EEOC's Office of Federal Operations, should Complainant decide to file an appeal.

### PROCEDURAL HISTORY

1. On November 13, 2009, Complainant initiated contact with an Equal Employment Opportunity (EEO) Counselor regarding EEO complaint number HS-10-CIS-001982.

2. On January 5, 2010, USCIS notified Complainant of the conclusion of EEO counseling and Complainant's right to file a formal complaint.

---

[1] Pursuant to the Homeland Security Act of 2002, *as amended*, 6 U.S.C. § 345, the Officer for Civil Rights and Civil Liberties (CRCL) shall ensure that the protection of civil rights and civil liberties is appropriately incorporated into Departmental programs and activities.  On June 5, 2003, the Secretary for DHS issued Delegation Number 3095, which delegated to CRCL the authority to adjudicate the Department's EEO complaints.

**EXHIBIT I-2**

3. On January 19, 2010, Complainant filed EEO complaint number HS-10-CIS-001982.

4. On January 22, 2010, USCIS accepted the claims alleged in complaint number HS-10-CIS-001982 for investigation.

5. On March 29, 2010, USCIS forwarded Complainant a copy of the Investigative File, providing Complainant notice of her right to request a hearing before an EEOC Administrative Judge (AJ) or, alternatively, to receive a Final Agency Decision (FAD).

6. On April 26, 2010, Complainant filed a request for a hearing before an EEOC AJ.

7. On June 9, 2010, USCIS entered into the Agreement with Complainant.

8. On July 1, 2010, an AJ from EEOC's Los Angeles District Office issued an Order dismissing EEO complaint number HS-10-CIS-001982, pursuant to the terms of the fully executed Agreement.

9. On approximately January 17, 2011, Complainant alleged that USCIS breached the terms of the Agreement.

10. On January 28, 2011, this Office received Complainant's allegation of breach of the Agreement.

11. On March 8, 2011 this Office issued a Final Determination finding: (1) Complainant's breach allegation was not timely raised; and (2) USCIS did not breach the terms of the Agreement.

12. On July 14, 2011, Complainant initiated contact with an EEO Counselor regarding the allegations stated in the above-referenced complaint (EEO complaint number HS-CIS-01541-2011).

13. On August 5, 2011, USCIS notified Complainant of the conclusion of EEO counseling and Complainant's right to file a formal complaint.

14. On August 21, 2011, Complainant filed EEO complaint number HS-CIS-01541-2011.

15. On December 2, 2011, this Office dismissed EEO complaint number HS-CIS-01541-2011 pursuant to 29 C.F.R. § 1614.107(a)(1), for failure to state an actionable claim.

16. On January 6, 2012, Complainant appealed CRCL's Final Decision with EEOC's Office of Federal Operations (OFO).

17. On May 4, 2012, OFO issued a Decision reversing CRCL's Final Decision, and remanding it for further processing as a breach claim, pursuant to 29 C.F.R. § 1614.504(a).

2

EXHIBIT I-3

18. On May 9, 2012, CRCL received the OFO's Decision.

## CLAIM AT ISSUE

Whether USCIS breached the Agreement when on May 7, 2011, Complainant received notification from the Social Security Administration (SSA) advising her that she was not selected for a position with SSA.

## ANALYSIS

The relevant terms of the Agreement are contained in Paragraphs 1.a through 1.c, which state:

"2.    Agency's Obligations.

   a.   Complainant's electronic Official Personnel File will reflect that she resigned for personal reasons from employment with the U.S. Citizenship and Immigration Services, effective October 15, 2009.

   b.   Upon request, the Agency will provide a neutral reference to potential employers, as long as they contact [the designated Supervisory Management and Program Analyst (SMPA-1)], or her replacement, at [the designated telephone number]. [SMPA-1] will give potential employers the Complainant's position title, GS grade at the time she resigned, her salary at the time she resigned, her dates of employment, and that her last performance rating was Fully Successful. Then Agency cannot guarantee what any other agency employee may say if potential employers contact them.

   c.   The Agency will provide Complainant with a Performance Work Plan with an overall rating of Fully Successful by June 30, 2010."

CRCL will decide the breach allegation in accordance with the Equal Employment Opportunity Commission (EEOC) regulation at Title 29, Code of Federal Regulations (C.F.R.), Section 1614.504, and precedents EEOC established in reviewing complainant allegations of settlement agreement breaches. 29 C.F.R. § 1614.504(a). EEOC has held that a settlement agreement constitutes a contract between the employee and the Agency, to which ordinary rules of contract construction apply. *See Herrington v. Dep't of Def.*, EEOC Appeal No. 01951475 (Dec. 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Dep't of Veterans Affairs*, EEOC Request No. 05900795 (Aug. 23, 1990). In ascertaining the intent of the parties with regard to the terms of settlement, the Commission has generally relied on the plain meaning rule. *See Hyon O v. U.S. Postal Serv.*, EEOC Request No. 05910787 (Dec. 2, 1991). If the writing appears to be plain and unambiguous on its face, the fact-finder must determine its meaning from the four corners of the instrument, without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984). A complainant alleging breach of a settlement has the burden of demonstrating the Agency's noncompliance. *Donegan v. Dep't of the Air Force*, EEOC Appeal

EXHIBIT I-4

No. 01993385 (June 18, 2001) (citing *Moore v. Dep't of the Navy*, EEOC Request No. 05930694 (Apr. 7, 1994)).

Here, Complainant failed to produce evidence supporting her allegation that USCIS breached the Agreement.  Complainant alleged during EEO counseling and in her formal complaint of discrimination that:

> [S]he discovered an email on July 8, 2011, which had originally been received on May 27, 2011, that notified her that she was not selected for a position to which she applied at Social Security Administration, which led her to believe that USCIS California Service Center violated a settlement agreement that she entered into with the Agency in June 2010, specifying how references into her previous employment would be delivered to potential employers.

Complainant further asserted in her formal complaint:

> After the date I signed the Agreement, I started applying for different position[s] with private companies and later with Federal agencies.  I provided [SMPA-1's] phone number on my applications in accordance with the Agreement.  In October 2010, I started suspecting that the Agency's officials [were] acting in a manner that impedes my attempts to obtain new employment . . . .  Soon after, I hired a company – [A&T] – to conduct my reference check, I started receiving notices from Federal agencies informing me that my name was forwarded to selecting official[s] and that I am on the best qualified list . . . .  After reviewing the report I received from [A&T], [an attorney I hired to look into this matter] informed me that there is a breach of agreement.  It is apparent that [the] breach of agreement was intentional; several [of the] Agency's employees participated in [a] deceitful scheme to avoid performance of [the] Agency's obligations under the Agreement . . . .  In July 2011, I received emails form [SSA] notifying me that [the] Agency decided not to use [the] certificate to fill vacancies.  I was not selected for any position for which I applied in 2010, over 10 vacancies; status of my applications was not timely updated.

First, this Office determines that Complainant failed to satisfy the 30-day limitation period in 29 C.F.R. § 1614.504(a) for notifying the Agency of alleged noncompliance with the Agreement.  The record shows that Complainant received SSA's notification of her non-selection on May 27, 2011; however, she did not notify the Agency of the alleged non-compliance with the Agreement until July 8, 2011.  Therefore, Complainant failed to raise the breach allegation within the 30-day timeframe set forth in § 1614.504(a).

Next, Complainant failed to produce any evidence supporting her allegation that USCIS breached the Agreement when she received notification from SSA advising her that she was not selected for a position with Agency.  Specifically, Complainant failed to produce any evidence showing: (1) SSA contacted SMPA-1 for a neutral reference; (2) SMPA-1 provided a non-neutral reference to SSA or any of the other agencies to which she applied in 2010; or (3) she was in any way aggrieved as a result of the SSA non-selection, particularly in light of the fact

EXHIBIT I-5

that SSA informed her that the Agency decided not to fill vacancies. Furthermore, USCIS provided an affidavit from SMPA-1, wherein she declared that she fully "complied with the terms of the settlement to the best of [her] abilities."

Finally, this Office notes that with the exception of the SSA non-selection,[2] we previously addressed Complainant's remaining breach allegations in EEO complaint number HS-10-CIS-001982, and a Final Determination was issued on March 8, 2011. This Office also provided Complainant with notice of her appeal rights; however, she failed to file an appeal with OFO. Given that Complainant raised these same breach allegations previously with this Office, and because she failed to exercise her right to appeal the previous Final Determination with OFO, Complainant's current breach allegations, with the exception of the SSA breach allegation, are barred pursuant to the doctrine of *res judicata*. *See, e.g., Bassett v. U.S. Postal Serv.*, EEOC Appeal No. 0120112786 (Feb. 21, 2012); *Snead v. U.S. Postal Serv.*, EEOC Appeal No. 01986077 (July 25, 2000).

## CONCLUSION

Based upon the full evidentiary record, CRCL concludes that Complainant failed to prove USCIS breached a settlement agreement entered into with Complainant. Since Complainant is not the prevailing party, she is not entitled to payment of attorney's fees, costs, or compensatory damages, and no corrective action is required.


_____          _____June 19, 2012_____
Veronica Venture                           Date
Deputy Officer, Office for Civil Rights and Civil Liberties
Director for EEO & Diversity Programs
Department of Homeland Security

DAC

---

[2] Complainant received notification of the SSA non-selection on May 7, 2011, after this Office issued the March 8, 2011 Final Determination for EEO complaint number HS-10-CIS-001982.

EXHIBIT I-6

# EXHIBIT J

EEOC DOC 0520120466 (E.E.O.C.), 2012 WL 5901190

U.S. Equal Employment Opportunity Commission (E.E.O.C.)

Office of Federal Operations

ALINA KORSUNSKA, COMPLAINANT,

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY (CITIZENSHIP AND IMMIGRATION SERVICES), AGENCY.

Request No. 0520120466
Appeal No. 0120121106
Agency No. HS-CIS-01541-2011
November 16, 2012

<u>DENIAL</u>

**\*1**  Complainant timely requested reconsideration of the decision in <u>Alina Korsunska v. Department of Homeland Security,</u> EEOC Appeal No. 0120121106 (May 1, 2012). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

In our previous decision, we determined that the Agency had both improperly dismissed Complainant's complaint as well as mischaracterized her claim. We noted that while the Agency characterized the claim as one of reprisal with regard to a reference it provided that allegedly led to Complainant's non-selection for employment with another agency, the gravamen of the claim was that the Agency breached a settlement agreement which addressed how references would be provided to potential employers. We found that the record was insufficient to determine whether the Agency had breached the settlement agreement, and remanded the case for the Agency to investigate the breach claim and issue a final determination thereon.

In her request for reconsideration. Complainant argues that she is also raising the claim that the Agency retaliated against her for her prior EEO activity by providing a negative reference. Complainant argues that the harm to her went beyond the two non-selections referenced in the previous decision.

We note that that the arguments asserted by Complainant - that the Agency breached the settlement agreement with regard to employment references, and that the Agency retaliated against her with regard to employment references - present essentially the same question for determination. If the Agency did not provide the employment references in accordance with the terms of the settlement agreement, then it is in breach, regardless of the presence or absence of retaliatory motive. If the Agency did provide references in accordance with the terms of the settlement agreement, then it is not in breach. Therefore, the previous decision appropriately remanded the case for the Agency to investigate and issue a final determination on Complainant's breach allegation. [1]

We remind Complainant that a "request for reconsideration is not a second appeal to the Commission." <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part</u> 1614 (EEO MD-110) (rev. Nov. 9, 1999), at 9-17; <u>see, e.g.,</u> <u>Lopez v. Dep't of Agriculture, EEOC Request No. 0520070736 (Aug. 20, 2007).</u> Rather, a reconsideration request is an opportunity to

<span style="color:red">**EXHIBIT J-1**</span>

demonstrate that the previous decision involved a clearly erroneous interpretation of material fact or law; or (2) will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

**\*2**  After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 0120121106 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

ORDER

The Agency is ORDERD to take the following action:

Pursuant to the procedures detailed in 29 C.F.R. § 1614.504(a), the Agency shall investigate Complainant's breach claim regarding a June 9, 2010, settlement agreement to determine whether it has complied with this settlement agreement. Within thirty (30) calendar days of the date it receives this decision, the Agency shall issue a determination regarding whether it has complied with the settlement agreement, together with appeal rights to this Commission.

A copy of the Agency's determination must be sent to the Compliance Officer as referenced below.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0610)

Compliance *with the Commission's corrective action is mandatory*. The Agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. The Agency's report must contain supporting documentation, and the Agency must send a copy of all submissions to the Complainant. If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-l6(c) (1994 & Supp. IV 1999). If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

**\*3**  This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate *Has* administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z0610)

**EXHIBIT J-2**

ALINA KORSUNSKA, COMPLAINANT, v. JANET..., EEOC DOC...

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden
Director
Office of Federal Operations

Footnotes

1    We note that, in the course of its investigation into the breach allegation, the Agency should consider whether there is evidence of retaliatory motive in the actions of any personnel involved in the provision of Complainant's employment references.

EEOC DOC 0520120466 (E.E.O.C.), 2012 WL 5901190

---

**End of Document**                                                                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT J-3**

# EXHIBIT K

EEOC DOC 0120131343 (E.E.O.C.), 2013 WL 3279192

U.S. Equal Employment Opportunity Commission (E.E.O.C.)

Office of Federal Operations

ALINA KORSUNSKA, COMPLAINANT,

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, AGENCY.

Appeal No. 0120131343

Agency No. HS-CIS-01541-2011

June 20, 2013

### DECISION

**\*1** Complainant filed a timely appeal with this Commission from a final decision by the Agency dated June 19, 2012, finding that it was in compliance with the terms of a June 9, 2010 settlement agreement. See 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. §1614.405.

### BACKGROUND

On June 9, 2010, Complainant, a former employee with the Agency's U.S. Citizenship and Immigration (USCIS) California Service Center, and the Agency entered into a settlement agreement to resolve a matter that had been pursued in the EEO process.

The June 9, 2010 settlement agreement provided, in pertinent part, that;

1.b. Upon request, the Agency will provide a neutral reference to potential employers, as long as they contact [the designated Supervisory Management and Program Analyst (SMPA)], or her replacement, at [the designated telephone number]. [SMPA] will give potential employers the Complainant's position title, GS grade at the time she resigned, her salary at the time she resigned, her dates of employment, and that her last performance rating was Fully Successful. Then Agency cannot guarantee what any other agency employee may say if potential employers contact them. [1]

On August 21, 2011, Complainant filed a formal complaint. Therein, Complainant claimed that the Agency subjected her to discrimination in reprisal for prior EEO activity when:

> she discovered an email on July 8, 2011, which had originally been received on May 27, 2011 that notified her that she was not selected for a position to which she applied at Social Security Administration (SSA) which led her to believe that USCIS California Service Center breached a settlement agreement that she entered into with the Agency on June 9, 2010, specifying how references into her previous employment would be delivered to potential employers.

On December 2, 2011, the Agency issued a final decision dismissing the August 21, 2011 formal complaint for failure to state a claim. Specifically, the Agency characterized Complainant's claim as an allegation that the Agency acted in reprisal against her by failing to provide her with an appropriate reference led to her non-selection for a position with SSA.

**EXHIBIT K-1**

On appeal, the Commission found that the Agency should have processed Complainant's August 21, 2011 formal complaint as a breach claim instead of dismissing it on the procedural grounds cited above. The Commission reversed the Agency's dismissal and remanded the matter to the Agency for further processing. Korsunska v. Department of Homeland Security, EEOC Appeal No. 0120121106 (May 1, 2012), request for reconsideration, EEOC Request No. 0520120466 (November 16, 2012). Following the Commission's decision, the Agency processed the remanded claims in accordance with 29 C.F.R. § 1614.108, which is now the subject of the instant appeal.

**\*2**  On June 19, 2012, the Agency issued the instant final decision. Therein, the Agency determined that Complainant untimely raised her breach allegation in which Complainant received SSA notification of her non-selection on May 27, 2011. Specifically, the Agency found that Complainant did not notify the Agency EEO office of the alleged breach until July 8, 2011, which the Agency determined was beyond the 30-day limitation period for filing a timely breach claim.

Further, the Agency determined that Complainant did not provide any evidence supporting her allegation that the Agency breached the subject agreement. Specifically, the Agency noted that Complainant did not provide any evidence showing that SSA contacted SMPA for a neutral reference; that SMPA provided a non-neutral reference to SSA or any other agency to which she applied; or that she was in any way aggrieved as a result of the SSA non-selection, particularly that SSA informed her that the Agency decided not to fill vacancies. Moreover, the Agency stated that in her affidavit, SMPA declared she fully complied with the terms of the agreement.

ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the Agency, to which ordinary rules of contract construction apply. See Herrington v. Dep't of Def., EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. Eggleston v. Dep't of Veterans Affairs, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. See Hyon O v. U.S. Postal Serv., EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. See Montgomery Elevator Co. v. Building Eng'g Servs. Co., 730 F.2d 377 (5th Cir. 1984).

In the instant case, we agree with the Agency's determination that Complainant untimely raised her breach claim. The agreement specifically contained language requiring breach claims to be raised with the Agency's EEO office within 30 days of the alleged breach. A complainant is at all times responsible for proceeding with her claims whether or not she has a representative. See 29 C.F.R. § 1614.605(e). The record supports a Finding that Complainant determined that the Agency breached the subject agreement by July 8, 2011, but that she did not raise a breach claim until August 21, 2011. On appeal, Complainant has not offered any justification for extending the 30-day time limitation.

**\*3**  Accordingly, the Agency's decision is **AFFIRMED**. [2]

STATEMENT OF RIGHTS - ON APPEAL RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

**EXHIBIT K-2**

ALINA KORSUNSKA, COMPLAINANT, v. JANET..., EEOC DOC...

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.


Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

RIGHT TO REQUEST COUNSEL (Z0610)

**\*4**  If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").


FOR THE COMMISSION:


Carlton M. Hadden
Director
Office of Federal Operations

**EXHIBIT K-3**

ALINA KORSUNSKA, COMPLAINANT, v. JANET..., EEOC DOC...

Footnotes

1    The settlement agreement also provides for the Agency to assure that Complainant's electronic official personnel file reflects
     she resigned for personal reasons for employment with the USCIS effective October 15, 2009, and provide Complainant with a
     Performance Work Plan with an overall rating of Fully Successful. These provisions are not at issue in the instant case.

2    Because we Find that Complainant untimely raised her breach claim, we find it unnecessary to address whether the Agency breached
     provision 1.b. of the settlement agreement.

EEOC DOC 0120131343 (E.E.O.C.), 2013 WL 3279192

**End of Document**                                                  © 2014 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT K-4**

# EXHIBIT L

9 West's Fed. Admin. Prac. § 11800

West's Federal Administrative Practice

Database updated July 2014

Part 22. Civil Rights [*]

Chapter 145. Enforcement of Employment Discrimination Laws Against Federal Employers

§ 11800. Processing the formal complaint—Appeal of dismissals

**West's Key Number Digest**
**West's Key Number Digest, Civil Rights ⚷347**
**Legal Encyclopedias**
**C.J.S., Civil Rights §§ 354, 361, 366, 377, 405**

Complainants dissatisfied with the agency's dismissal of all or part of the complaint can immediately appeal from the agency's dismissal. Where an appeal from a partial dismissal is filed, and the dismissal is reversed by the EEOC's Office of Federal Operations, the matter will be sent back to the agency for completion of the investigation. The time frame for completing the investigation of the accepted portion of the complaint will be stayed pending a decision on the appeal. Agencies may, but are not required to investigate the accepted portions of the complaint during this time period.

When, on appeal, the dismissal of a portion of a complaint is upheld but the remainder of the complaint is to be processed administratively, the EEOC does not intend to force the complainant to proceed to court on the dismissed portion at that time. The complainant can wait until a final decision is issued by the agency or the EEOC on the merits of the remainder of the complaint and will have 90 days from receipt of that decision to file in Federal District Court.

Westlaw. © 2014 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes
[*]    Prepared by Frederick K. Grittner of St. Paul, Minnesota, a member of the Minnesota Bar.

**End of Document**                                        © 2014 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT L-1**