TERINA WILLIAMS (STATE BAR NO. 267617)
SOUTHWORTH PC
1100 Peachtree Street NE
Suite 200
Atlanta, GA 30309
Telephone: (404) 585-8095
Facsimile: (404) 393-4129
E-mail: terina@southworthpc.com

Attorneys for Plaintiff
ALINA KORSUNSKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALINA FORSUNSKA, | ) Case No.: CV13-7010 CAS (AJWx) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF ALINA KORSUNSKA'S L.R. 56-2 STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FEDERAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| JEH JOHNSON, Secretary, U.S. Department of Homeland Security, | ) |
| Federal Defendant. | ) |
|  | ) Hearing Date:  July 28, 2014 |
|  | ) Hearing Time:  10:00 a.m. |
|  | ) Courtroom:     5 – 2nd Floor |
|  | ) Hon. Christina A. Snyder |
|  | ) U.S. District Court Judge |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 1

Plaintiff Alina Korsunska, by and through counsel and pursuant to Local Rule 56-2, hereby respectfully submit this Statement of Genuine Disputes of Material Fact in response to Federal Defendant's Separate Statement of Uncontroverted Facts lodged concurrently with its Motion for Summary Judgment.

In this Statement, Plaintiff responds to each of the "undisputed material facts" identified in Federal Defendant's Separate Statement of Undisputed Facts. These facts are followed by additional material facts and supporting evidence also showing genuine issues.

Citations to exhibit letters refer to Plaintiff's evidentiary appendix in her opposition to Federal Defendant's Motion for summary judgment.

| UNCONTROVERTED FACT & SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE & SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff Alina Korsunska began working for the U.S. Citizenship and Immigration Services, a component of the U.S. Department of Homeland Security ("DHS"), in August 2008. Plaintiff's employment with DHS was terminated in October 2009. | **Undisputed.** |
| 2. In January 2010, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint against DHS alleging that her termination was predicated on discriminatory animus. | **Undisputed.** |
| 3. In June 2010, Plaintiff and DHS entered into a non-monetary settlement agreement. In exchange for the dismissal of Plaintiff's EEO action, DHS agreed to re-characterize Plaintiff's termination | **Undisputed.** |

| | | |
|---|---|---|
| | as a resignation and to provide a neutral reference to potential employers regarding Plaintiff's job performance with the agency. | |
| 4. | Plaintiff began the EEO administrative process by sending a letter to the DHS Office for Civil Rights and Civil Liberties ("DHS-OCR") on January 17, 2011. Plaintiff inadvertently dated her letter January 17, 2010, rather than January 17, 2011. | **Disputed In Part.**<br><br>**Objection: Irrelevant.**<br><br>Plaintiff does not dispute that she sent a letter to the DHS-OCR on January 17, 2011 or that she inadvertently dated her letter January 17, 2010, rather than January 17, 2011. However Plaintiff disputes the contention that this letter is the beginning of the EEO administrative process for the August 15, 2011 formal complaint (which is the foundation of the Complaint before this Honorable Court). Rather Plaintiff began the EEO administrative process for the August 15, 2011 formal complaint on July 8, 2011 when she informed the USCIS EEO that she was being retaliated against because of her prior protected activity which she learned when she discovered a letter from the Social Security Administration rejecting her for a position she had applied for. Therefore the January 17, 2011 letter is irrelevant.<br><br>**Support**<br>• **Korsunska Decl. at ¶ 6 and 8**.<br>• **Exhibit E**: Indicating that Plaintiff initiated contact with an EEO Counselor in July 2011. Note that |

| | | |
|---|---|---|
| | | the date listed is incorrect, as Plaintiff initiated contact on July 8, 2011.<br>• **Exhibit D**: Indicating at box 19 that Plaintiff contacted an EEO counselor on July 8, 2011. |
| 5. | In the above-referenced letter, Plaintiff alleged that DHS had breached the terms of the parties' 2010 EEO settlement agreement and, moreover, that agency officials had retaliated against her for having engaged in prior protected EEO activities. | **Disputed in Part.**<br><br>**Objection: Irreverent.**<br><br>Plaintiff does not dispute that in the January 17, 2011 letter she alleged that DHS had breached the terms of the parties' 2010 EEO settlement agreement. However, Plaintiff did not allege that agency officials had retaliated against her for having engaged in prior protected EEO activities. In fact, the words "retaliate," "retaliated," "retaliation" or any other word with similar meaning do not appear in the January 17, 2011 letter. The January 17, 2011 letter focused solely on a claim for breach of settlement agreement. Therefore, the January 17, 2011 letter is irrelevant as it does not concern the retaliation claim she raised in her July 8, 2011 informal complaint and in her August 15, 2011 formal complaint.<br><br>**Support:**<br>• **Korsunska Decl. ¶ 6**.<br>• **Exhibit B.** |
| 6. | On March 8, 2011, DHS-OCR issued a decision finding that the agency had not breached the terms | **Undisputed.**<br><br>**Objection: Irreverent.** |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 4

| | | |
|---|---|---|
| | of the parties' agreement nor retaliated against Plaintiff. | The DHS-OCR's March 8, 2011 decision has nothing to do with Plaintiff's August 15, 2011 formal complaint, which is the foundation for the civil complaint before this Honorable Court.<br><br>**Support:**<br>• **Korsunska Decl. ¶ 6-8**.<br>• **Exhibit C.** |
| 7. | Plaintiff filed a formal EEO complaint on August 21, 2011. In her complaint, Plaintiff alleged that DHS had breached the terms of the parties' 2010 EEO settlement agreement and, moreover, that agency officials had retaliated against her for having engaged in prior protected activities. | **Disputed In Part.**<br><br>Plaintiff's Complaint was filed on August 15, 2011.  August 21, 2011 is a Sunday, thus the date is obviously wrong.  In her August 15, 2011 complaint, Plaintiff alleged that the agency was retaliating against her for her prior protected activity by intentionally failing to provide an appropriate employment reference in conformity with the 2010 settlement agreement.  Plaintiff's complaint was not for breach of agreement.<br><br>**Support:**<br>• **Korsunska Decl. ¶ 8**.<br>• **Exhibit D.** |
| 8. | On December 2, 2011, after investigating Plaintiff's claims, DHS-OCR issued a decision finding that the agency had not breached the terms of the parties' EEO settlement agreement nor retaliated against Plaintiff. | **Disputed in Part.**<br><br>Plaintiff does not dispute that the DHS-OCR issued a decision on December 2, 2011.  However, DHS-OCR issued a decision finding that USCIS's alleged actions did not subject Plaintiff to the requisite harm or loss needed to state a claim |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 5

| | | |
|---|---|---|
| | | because the Social Security Administration did not hire anyone from the position for which Plaintiff applied but was not selected for.<br><br>**Support:**<br>• **Exhibit E.** |
| | 9. In its December 2011 decision, DHS-OCR advised Plaintiff that she had the right to appeal the agency's decision to EEOC-OFO, which she did on January 6, 2012. | **Undisputed.** |
| | 10. On May 1, 2012, EEOC-OFO issued a decision denying Plaintiff's appeal, thereby rejecting her attempt to assert a retaliation claim against DHS.  EEOC-OFO issued Plaintiff's case Appeal Number 0120121106. In its order, EEOC-OFO advised Plaintiff of her right to request reconsideration of its decision or, alternatively, to pursue de novo review in district court. | **Disputed in Part.**<br><br>Plaintiff does not dispute that EEOC-OFO issued a decision on May 1, 2012.  However, Plaintiff's appeal was not denied.  The EEOC-OFO determined that the Agency should have processed Plaintiff's August 15, 2011 complaint as a breach claim, rather than a retaliation claim.  The EEOC-OFO remanded the case to the Agency to continue processing the complaint as it related to what it interpreted as a breach claim.  While this effectively dismissed a portion of Plaintiff's complaint, the EEOC-OFO determined in its November 16, 2012 decision that the retaliation and breach claim presented essentially the same question and DHS was ordered to consider whether there was evidence of retaliatory motive in the actions of any personnel involved in the provision of Plaintiff's employment references. |

| | |
|---|---|
| | **Support:**<br>• **Exhibit F.**<br>• **Exhibit J.** |
| 11. On July 20, 2012, after receiving EEOC-OFO's May 2012 order on her appeal, Plaintiff submitted a request for reconsideration challenging the Commission's dismissal of her retaliation claim. | **Disputed.**<br><br>Plaintiff submitted a request for reconsideration challenging the Commissions dismissal of her retaliation claim in its May 1, 2012 decision on or around May 31, 2012 and not on July 20, 2012. Plaintiff could not have submitted her request on July 20, 2012 as it would have surely been rejected as late. On July 20, 2012, Plaintiff submitted an appeal to the EEOC-OFO challenging DHS-OCR's final decision issued on June 19, 2012.<br><br>**Support:**<br>• **Korsunska Decl. ¶¶ 13 and 15.**<br>• **Exhibit G.**<br>• **Exhibit I.** |
| 12. On November 16, 2012, EEOC-OFO issued a decision denying Plaintiff's request for reconsideration. EEOC-OFO specifically addressed and rejected Plaintiff's contention that her retaliation claim should not have been dismissed. EEOC-OFO advised Plaintiff that there was no further right of administrative appeal concerning her retaliation claim and that if she wished to file a district court action, she was | **Disputed in Part.**<br><br>Plaintiff does not dispute that on November 16, 2012, the EEOC-OFO issued a decision denying Plaintiff's request for reconsideration. However, rather than completely reject Plaintiff's claim that her retaliation claim should not be dismissed, it determined that the retaliation and breach claim presented essentially the same question and DHS was further ordered to consider |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 7

| | |
|---|---|
| required to do so within 90 days. | whether there was evidence of retaliatory motive in the actions of any personnel involved in the provision of Plaintiff's employment references.<br><br>**Support:**<br>• **Exhibit J.** |
| 13. Plaintiff filed her initial district court complaint ten months later, on September 20, 2013. | **Disputed in Part.**<br><br>Plaintiff does not dispute that she filed her initial district court complaint on September 20, 2013. However, Plaintiff disputes that the ninety (90) day clock on her retaliation claim started on November 16, 2012. Rather, it is Plaintiff's contention that she had the right, and was actually required to wait until the Agency finished processing her entire complaint (including the breach claim) before filing a civil action on her retaliation claim. On June 19, 2012, DHS-OCR issued a final decision determining that Plaintiff's breach claim was untimely. On July 20, 2012, Plaintiff appealed the DHS-OCR's final decision on her August 15, 2011 complaint. Plaintiff received the EEOC-OFO's final decision on her appeal on July 23, 2013. Plaintiff's complaint was filed eighty-nine (89) days from June 23, 2013.<br><br>**Support:**<br>• **Korsunska Decl. ¶¶ 18 – 19**.<br>• **Exhibits H, I, K and L.** |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 8

|  | • **Complaint** [Docket No. 1]. |
|---|---|
| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
| 14. Plaintiff initiated the EEO administrative process for her August 15, 2011 formal complaint on July 8, 2011 when she contacted USCIS EEO upon finding a May 27, 2011 email from the SSA informing her that she was not selected for positions. | • **Exhibit E**: Indicating that Plaintiff initiated contact with an EEO Counselor in July 2011. Note that the date listed is incorrect, as Plaintiff initiated contact on July 8, 2011.<br>• **Korsunska Decl. at ¶ 8**.<br>• **Exhibit D**: Indicating at box 19 that Plaintiff contacted an EEO counselor on July 8, 2011. |
| 15. In the May 1, 2012 decision, the EEOC-OFO reversed the December 2, 2012 decision from the DHS-OCR and remanded the case back to the Agency to process Plaintiff's claim as a complaint for breach of agreement. The EEOC-OFO advised that Plaintiff could request a reconsideration of its decision or could terminate the administrative processing of her complaint by filing a civil action. | • **Exhibit F.** |
| 16. On or around May 31, 2012, Plaintiff submitted a request for reconsideration to the EEOC-OFO's challenging its May 1, 2012 decision to re-characterize (dismiss) her retaliation claim. | • **Korsunska Decl. at ¶ 13**.<br>• **Exhibit G.** |
| 17. The EEOC-OFO issued its decision on Plaintiff's request for reconsideration on November 16, 2012. In that decision, the EEOC- | • **Exhibit J** (see also footnote 1). |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 9

| | | |
|---|---|---|
| | OFO note that the arguments asserted by Plaintiff - that the Agency breached the settlement agreement with regard to employment references, and that the Agency retaliated against her with regard to employment references - presented essentially the same question for determination.  Further, the EEOC-OFO directed the Agency to "consider whether there is evidence of retaliatory motive in the actions of any personnel involved in the provision of [Plaintiff's] employment references."  The EEOC-OFO advised Plaintiff that its order was one requiring the Agency to continue its administrative processing of her August 11, 2015 complaint and that she could terminate the administrative processing of her complaint by filing a civil action. | |
| 18. | On July 20, 2012 Plaintiff submitted an appeal with the EEOC-OFO challenging the DHS-OCR's June 19, 2012 final decision on her August 15, 2011. | • **Korsunska Decl. at ¶ 15.**<br>• **Exhibit I.** |
| 19. | On June 19, 2013, the EEOC-OFO issued its decision affirming the DHS-OCR's June 19, 2012 final decision on Plaintiff's August 15, 2011 formal complaint. | • **Exhibit K.** |
| 20. | Plaintiff received the EEOC-OFO's final decision on June 23, 2013. | • **Korsunska Decl. at ¶ 19.**<br>• **Exhibit I:** Indicating that Plaintiff received the DHS-OCR's decision on June 23, 2013. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES - 10

| | |
|---|---|
| 21. Plaintiff filed her initial district court complaint within ninety (90) days from receipt of the June 19, 2013 EEOC-OFO final decision. | • **Complaint** [Docket No. 1]. |

DATED: JULY 3, 2014                    SOUTHWORTH PC

/s/ *Terina M. Williams*
TERINA M. WILLIAMS
Attorney for Plaintiff