UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'       JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:)** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. #24, filed May 15, 2014)

## I. INTRODUCTION

Plaintiff Alina Korsunska filed this action on September 20, 2013, against Janet Napolitano, in her official capacity as Secretary of the United States Department of Homeland Security. Dkt. #1. The operative first amended complaint ("FAC") asserts a single claim for retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"). Dkt. #12.[1]

Defendant filed a motion for summary judgment on May 15, 2014. Dkt. #24. Plaintiff filed an opposition on July 3, 2014, dkt. #31, and plaintiff replied on July 14, 2014, dkt. #34. The Court held a hearing on July 28, 2014. Dkt. #38. At the hearing, the Court granted plaintiff's request to file a sur-reply. Id. Plaintiff filed a sur-reply on August 4, 2014, dkt. #39, after obtaining leave of Court, and the Court thereafter took this matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are undisputed. Plaintiff was previously employed by the United States Citizenship and Immigrations Services ("CIS"), a component of the Department of Homeland Security (the "Department"). Defendant's Statement of

---

[1] In the FAC, Jeh Johnson, the current Secretary of the Department of Homeland Security, is substituted as defendant in place of Napolitano.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Uncontroverted Material Facts ("DSUMF") ¶ 1; Plaintiff's Statement of Genuine Disputes ("PSGD") ¶ 1.  Plaintiff's employment was terminated in October 2009.  Id.  In January 2010, plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the Department, alleging that her termination was predicated on discriminatory animus.  DSUMF ¶ 2; PSGD ¶ 2.  In June 2010, plaintiff and the Department entered into a non-monetary settlement agreement (the "Settlement Agreement" or the "Agreement").  DSUMF ¶ 3; PSGD ¶ 3.  In exchange for the dismissal of plaintiff's EEO complaint, the Department agreed to "re-characterize Plaintiff's termination as a resignation and to provide a neutral reference to potential employers regarding Plaintiff's job performance" with CIS.  Id.

At some point after June 2010, plaintiff began to suspect that the Department was not abiding by the terms of the Settlement Agreement.  While the exact date that plaintiff became suspicious is a matter of some dispute, the parties agree that it is no later than January 2011.  See Korsunska Decl. ¶ 6; Mot. Summ. J. at 10-11.  While the parties also dispute what occurred between January 2011 and July 2011, they appear to agree that plaintiff initiated an informal EEO complaint process on July 8, 2011, and filed a formal EEO complaint in August 2011, in which she alleged that defendant was not abiding by the terms of the Settlement Agreement, and was retaliating against her.  Plaintiff's Separate Statement of Material Facts ("PSSMF") ¶ 14; Defendant's Reply to the Separate Statement ("DRSS") ¶ 14; Def. Ex. D.  The complaint did not allege a motive or reason for the retaliation.  See Def. Ex. D.

The parties dispute what occurred during the EEO process, as well as before the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations.  The parties' contentions regarding what occurred during that process are set forth in more detail in Section IV below.[2]  In the EEO process, the Department's Office of Civil Rights and Civil Liberties initially dismissed plaintiff's complaint for failure to state an actionable retaliation claim.  On appeal, the EEOC found that plaintiff's claim, although

---

[2] Plaintiff objects to several assertions in the DSUMF about what transpired during the EEO proceeding as irrelevant.  Those objections are OVERRULED as moot.  The entire record of the EEO proceedings has been provided to, and considered by, the Court.  The Court does not rely on the assertions set forth in the DSUMF as to what occurred during the EEO process in ruling on the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

styled as a claim for retaliation, was more properly construed as a claim for breach of the Settlement Agreement. The EEOC therefore remanded plaintiff's complaint to the Department to be processed as a breach of contract claim rather than a retaliation claim. Thereafter, the Department concluded that plaintiff did not timely raise her breach of contract claim, and the EEOC affirmed that determination by decision dated June 20, 2013. Plaintiff received notice of the EEOC's decision on June 23, 2013, and filed this action on September 20, 2013. In this action, plaintiff alleges that defendant's failure to provide a neutral reference to plaintiff's prospective employers constituted retaliation for the filing of plaintiff's original 2010 EEO complaint. See FAC ¶¶ 16, 20, 23-28.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

In the present motion, the merits of plaintiff's Title VII claim are not at issue. Rather, defendant argues that plaintiff's claim is time-barred for two reasons. The Court addresses each argument in turn.

### A.   Timeliness of the Filing of this Action

Defendant first argues that plaintiff's action is time-barred because she failed to file suit in this Court within 90 days of November 16, 2012, when the EEOC issued a final decision as to plaintiff's retaliation claim. The Court agrees. As relevant here, a claimant who has filed a timely EEO complaint alleging employment discrimination by a federal agency may file a civil action in a district court: (1) "[w]ithin 90 days of receipt of the final action on . . . [the] complaint if no appeal has been filed," or (2) "[w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal." 29 C.F.R. § 1614.407. Failure to file the civil action within one of the prescribed periods will render the action untimely. E.g., Gheith v. Harvey, 234 Fed. Appx. 604, 604 (9th Cir. June 14, 2007).

Here, the EEOC rendered a final decision on plaintiff's retaliation claim by decision dated November 16, 2012. Def. Ex. O. In that decision, the EEOC reaffirmed its prior finding, see Def. Ex. F, that the Department should have processed plaintiff's EEO complaint as a claim for a breach of the Settlement Agreement, and not as a claim for retaliation. Thus, the November 16, 2012 decision represents a definitive, final ruling from the EEOC that plaintiff's allegations of retaliation (as opposed to breach of the Settlement Agreement) lacked merit. Plaintiff was therefore obligated to file a civil action for retaliation within 90 days of her receipt of that decision. See C.F.R. § 1614.407. Since plaintiff did not file this action until September 20, 2013, the Court concludes that plaintiff's Title VII retaliation claim is time-barred.

Plaintiff resists this conclusion on the grounds that an EEO claimant is permitted to wait to file a civil action until the entirety of her complaint has been processed by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

EEOC. Thus, since plaintiff's EEO proceeding was still ongoing after the November 16, 2012 decision was issued, she was under no obligation to file a civil action within 90 days of that date. In support of this argument, plaintiff cites a provision of West's Federal Administrative Practice § 11800, which states the following:

> When, on appeal [to the EEOC], the dismissal of a portion of a complaint is upheld but the remainder of the complaint is to be processed administratively, the EEOC does not intend to force the complainant to proceed to court on the dismissed portion at that time. The complainant can wait until a final decision is issued by the agency or the EEOC on the merits of the remainder of the complaint and will have 90 days from receipt of that decision to file in Federal District Court.

Plaintiff also relies on EEOC guidance, which is virtually identical to the above passage. EEO-Mgmt. Directive 110, Chapter 4, Processing of Formal Complaints, available at http://www.eeoc.gov/policy/docs/chap4.html. The Court finds this argument unavailing. While a claim for retaliation is actionable under Title VII, a claim for breach of a settlement agreement entered into voluntarily by a federal employer and an employee is not. See Munoz v. Mabus, 630 F.3d 856, 864 (9th Cir. 2010). The EEOC's November 16, 2012 decision made clear that plaintiff no longer had a viable retaliation claim before the Department or the EEOC, and plaintiff's only remaining claim was for breach of the Settlement Agreement, which is not actionable under Title VII. Thus, that decision represented a definitive determination by the EEOC as to the viability of a Title VII claim, thereby giving rise to an obligation to file suit within 90 days of receipt of that decision.[3]

---

[3] Plaintiff's reliance on 29 C.F.R. § 1614.107(b) and 1614.110(b), as well as several cases interpreting those provisions, is similarly unavailing because these provisions set forth procedures for appealing an agency's decision on an EEO complaint to the EEOC. These provisions do not address the procedures for filing a civil action in federal district court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

### B. Timeliness of Plaintiff's EEO Complaint

Defendant next argues that this action is barred because plaintiff's underlying EEO complaint was not timely filed. To the extent that plaintiff's claim is based on retaliatory acts occurring on or before January 17, 2011, the Court agrees.

Before initiating a Title VII action in district court based on employment discrimination by a federal agency, a claimant must first exhaust her administrative remedies. Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009). In order to complete the exhaustion process, a claimant must "consult a Counselor prior to filing a[n EEO] complaint in order to try to informally resolve the matter." Id. (quoting 29 C.F.R. § 1614.105(a)). The claimant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." Id. (quoting 29 C.F.R. § 1614.105(a)(1)). While this pre-filing exhaustion requirement is not a "jurisdictional prerequisite for suit in federal court," failure to comply with it is nonetheless "'fatal to a federal employee's discrimination claim' in federal Court." Id. (citing Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002)).

However, this 45-day period is subject to extension if the claimant can show that she "did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2); see also Hsieh v. Peake, 2008 WL 783370, at *13 (N.D. Cal. March 25, 2008); 21 Tracy B. Farrell, et al., Fed. Proc., Lawyers Ed. § 50:233 (Westlaw 2014) (explaining that the 45-day limitation is "subject to the equitable doctrines of waiver, estoppel and/or tolling," and that 29 C.F.R. § 1614.105(a)(2) "appear[s] to codify the federal common law of accrual, under which accrual occurs when the plaintiff knows or has reason to know of the injury giving rise to his claim"). In other words, the 45-day limitations period begins to run "when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985); accord Bosse v. Chertoff, 2008 WL 906019, at *7 (D. Mont. March 31, 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

     The parties do not dispute that plaintiff did not initiate contact with the EEO until July 8, 2011. Opp. Mot. Summ. J. at 8-9; Reply Mot. Summ. J. at 1.[4] The Court therefore turns to the question of when plaintiff knew, or should have known, facts giving rise to her retaliation action before the EEO. See 29 C.F.R. § 1614.105(a)(2). Defendant argues that plaintiff's July 8, 2011 informal complaint was untimely because the record demonstrates that she was on notice of facts potentially giving rise to a claim for breach of the Settlement Agreement at least as early as January 2011, substantially more than 45 days prior to July 8, 2011. Specifically, defendant cites a letter, dated January 17, 2011, which plaintiff sent to the Department's Office of Civil Rights and Civil Liberties.[5] In that letter, plaintiff states that an individual named Carmen from the "Personnel Office" communicated with an investigator hired by plaintiff in November 2010. Def. Ex. B. Plaintiff further states that Carmen "refused to provide my reason for separation and performance appraisal. I view the Agency's attempt not to disclose such basic information as reason for separation and performance appraisal as intent to hinder my future employment." Id. Plaintiff asserts that this conduct constituted a breach of the prior settlement agreement, and requested reinstatement of her original 2010 EEO complaint. Id.

     Defendant also cites plaintiff's August 2011 formal EEO complaint. There, plaintiff states that, in "October 2010, I started suspecting that the agency's officials [were] acting in [a] manner that impedes my attempts to obtain new employment." Mot. Def. Ex. D. at 3. Plaintiff also states that, in March 12, 2011, she received a letter from Kimberly Jones, counsel for the United States Citizenship and Immigration Services.

---

     [4] The parties do not dispute that plaintiff previously initiated informal contact with the Department of Homeland Security's Office for Civil Rights and Civil Liberties by letter dated January 17, 2010, Def. Ex. B, and received a response from the Department on March 8, 2011, Pl. Ex. C. However, plaintiff states that she "abandoned this complaint because of personal circumstances." Korsunska Decl. ¶ 7. Plaintiff expressly asserts that the "July 8, 2011 informal complaint is the foundation of the August 15, 2011 formal complaint, which in turn is the foundation of the Complaint before" this Court. Opp. Mot. Summ. J. at 7.

     [5] The letter is actually dated January 17, 2010, but the parties agree that this was a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Def. Ex. D. at 3. This letter was a response to plaintiff's January 17, 2011 letter. Plaintiff states that Jones's letter contained "insulting and misleading statements," and that all of Jones's "actions are retaliatory in nature." Id. Based on the statements contained in plaintiff's January 17, 2011 letter, and her August 2011 formal EEO complaint, defendant argues that plaintiff was aware of facts giving rise to a retaliation claim more than 45 days prior to July 8, 2011.

Plaintiff responds as follows, in a declaration appended to her opposition to the present motion:

> In July of 2011, I discovered a May 27, 2011 email from the Social Security Administration . . . notifying me that I was not selected for positions. Furthermore, I was not selected for any position for which I applied in 2010 (over ten (10) vacancies). Based on this newly discovered evidence of discrimination, I initiated a[n] . . . informal claim of retaliation with the USCIS EEO office on July 8, 2011. . . . This claim was an entirely new claim of retaliation, and was in no way connected to the January 17, 2011 informal contact with [the Department].[6]

---

[6] Defendant objects to this paragraph of plaintiff's declaration on the grounds that it lacks foundation, is hearsay, and violates the best evidence rule to the extent that it constitutes testimony about the contents of an email. This objection is OVERRULED as to the first three sentences, and the final sentence of that paragraph. These sentences are not hearsay because plaintiff may properly provide testimony as to her state of mind and knowledge, rather than to prove the truth of whether she did or did not receive certain job offers. See Fed. R. Evid. 801(c). The statements do not lack foundation because it is apparent that plaintiff is speaking based on personal knowledge of her involvement in EEO proceedings. Finally, the statements do not violate the best evidence rule because the crux of plaintiff's statement is that she was not selected for several positions with the Social Security Administration. Thus, these statements do not violate the best evidence rule because plaintiff is not seeking to prove the contents of a writing, but is making assertions about events that occurred in the real world that are also reflected in a writing. See United States v. Bennett, 363 F.3d 947, 953 (9th Cir. 2004) (noting that "the rule is inapplicable when a witness merely identifies [evidence] 'as a correct representation of events which he saw or of a scene with which he is familiar'" (citing Fed. R. Evid. 1002

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Korsunska Decl. ¶ 8.  Based on this statement, plaintiff argues that her July 8, 2011 contact with the EEO office was timely, since she did not discover evidence of retaliation until July 2011.  Nonetheless, plaintiff does not dispute that she previously initiated informal contact with the EEO office in January 2011, and admits that she learned in January 2011 "that Defendant was in breach of the settlement agreement by not providing the required reference report to potential employers."  Korsunska Decl. ¶ 6.

After reviewing this evidence, including the arguments set forth in plaintiff's sur-reply, the Court concludes, based on undisputed facts, that plaintiff was aware of defendant's alleged failure to give non-neutral references in or before January 17, 2011.  The letters authored by plaintiff and the statements contained in her declaration demonstrate that plaintiff believed on or before January 17, 2011 that defendant was not providing neutral reference information to plaintiff's prospective employers.  See Korsunska Decl. ¶ 6; Def. Exs. B, D.  Moreover, the record demonstrates that it is this conduct—the failure to provide neutral references—that forms the basis for plaintiff's July 8, 2011 informal EEO contact, her formal August 2011 EEO action, and her Title VII claim.  See Def. Ex. D ("In October 2010, I started suspecting that the agency's officials [were] acting in [a] manner that impedes my attempts to obtain new employment."); id. (asserting that "several agency's employees participated in [a] deceitful scheme to avoid performance of [the] agency's obligations under the agreement"); FAC ¶ 19 (alleging that "it appeared that Defendant's Agents participated in a deceitful scheme to retaliate against her for the January 2010 [EEOC] Charge by giving inaccurate information of her previous employment with Defendant"); id. ¶ 24 (alleging

---

Advisory Committee's Note)).  Additionally, defendant's objections to this paragraph are OVERRULED as moot as to the fourth and fifth sentences.  There, plaintiff makes assertions about what she told the EEO counselor during her informal EEO contact in July 2011, and how the EEO counselor subsequently summarized plaintiff's statements.  These sentences are not relevant to whether plaintiff's EEO action was timely, and the Court therefore does not rely on them in ruling on the present motion.  Similarly, defendant's objections to other paragraphs of plaintiff's declaration are also OVERRULED as moot because the assertions contained therein are not relevant to the timeliness of plaintiff's EEO complaint for the timeliness of this action, and the Court therefore does not rely on them in ruling on the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'     JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

that "Defendant retaliated against Plaintiff in violation of Title VII through its statements, actions, and/or omissions causing Plaintiff to not be selected for a large number of vacancies at other agencies").

Thus, to the extent that plaintiff's claim for retaliation is grounded on non-neutral references given prior that date, her EEO contact was untimely because it was not initiated until July 2011, approximately six months after she had notice that she was not being given neutral references. See Kraus, 572 F.3d at 1043; 29 C.F.R. § 1614.105(a)(1). It follows, then, that this action is barred with respect to alleged references given prior to that date. See Kraus, 572 F.3d at 1043.

However, after reviewing plaintiff's surreply, the Court concludes that a different scenario is presented by potential non-neutral references given after January 17, 2011. In her surreply, plaintiff argues that each instance of defendant giving a non-neutral reference to one of plaintiff's prospective employers constituted a separate, actionable act of retaliation. Additionally, plaintiff "posits that Defendant promulgated one or more adverse employment references to potential employers, one of them specifically" to the Social Security Administration ("SSA"). Sur-reply at 3. Plaintiff does not provide evidence of when (or if) these non-neutral references were given to the SSA. Rather, plaintiff appears to assume that such negative references must have been given at some point, and that she did not learn of them until July 2011, when she "discovered a May 27, 2011 email from the Social Security Administration . . . notifying [her] that [she] was not selected for positions." Korsunska Decl. ¶ 8. Moreover, plaintiff asserts that these alleged non-neutral references constitute discrete acts of retaliation that are wholly separate from the allegations regarding non-neutral references contained in her January 2011 EEO correspondence.

The Court agrees that, if plaintiff were able to establish that defendant gave a non-neutral reference to the SSA sometime after January 17, 2011, and that plaintiff did not become aware of this fact until she discovered the email from the SSA dated May 27, 2011, these facts could potentially provide a basis for a retaliation claim that is distinct from the conduct of which she was aware as of January 17, 2011. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("[E]ach retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). However, at this stage, plaintiff has not produced such evidence. Moreover, plaintiff's argument on this point is largely immaterial because the Court has already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-07010-CAS(AJWx) | Date | August 11, 2014 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

determined, in Section IV(A), that this action was not timely filed because it was not initiated within 90 days of a final determination by the EEOC as to plaintiff's allegations of retaliation. Thus, regardless of whether plaintiff timely initiated contact with the EEO, this action is untimely.

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion for summary judgment. Defendant is directed to lodge a proposed form of judgment no later than **August 18, 2014**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |